(October 10, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SPENCER LADER, Appellant.—Appeal by defendant, as limited by his motion, from four sentences of the Supreme Court, Kings County (Moskowitz, J.), all imposed September 15, 1983, upon his convictions of four counts of grand larceny in the second degree, upon his pleas of guilty, the sentences being concurrent indeterminate prison terms of 2 to 6 years on each count.

Sentences affirmed. The matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

In four separate indictments defendant was charged with a total of 42 counts of grand larceny in the second degree, three counts of grand larceny in the third degree and one count of scheme to defraud in the second degree. On March 15, 1983, defendant agreed to plead guilty to four counts of grand larceny in the second degree in exchange for the trial court's promise to impose an indeterminate term of 2⅓ to 7 years' incarceration on each count, the sentences to run concurrently. In the event full restitution in the total sum of $500,000 (the losses suffered by the victims of the larcenies) was made by defendant to all the complainants named in the indictments, the court promised to impose concurrent, indeterminate prison terms of 1½ to 4½ years. The record does not reflect any other promises made by the court to the defendant at the time the pleas of guilty were entered. Since restitution was not complete as of the date of sentence, the court was not bound to fulfill its promise to impose the lesser sentences. Although defendant's counsel has recently written to this court to indicate that the court-appointed receiver has now accumulated sufficient funds to make restitution to those who were promised restitution, there is still no basis for this court to rule that the sentencing court abused its discretion or exercised it in an inappropriate manner when it imposed sentence more than two years ago.

The record also indicates that, from the outset, defendant understood that his cooperation in criminal investigations conducted by various law enforcement offices might not lead

to a reduction in the sentences which the court promised to impose at the time the pleas of guilty were entered. It is noteworthy that at the time the pleas were accepted, the court was not informed of the fact defendant had begun to cooperate with various law enforcement offices. The prosecutor and the Office of the United States Attorney for the Eastern District of New York complied with their respective promises to the defendant to bring the nature and extent of defendant's cooperation to the sentencing court's attention. Neither the prosecutor's nor the Assistant United States Attorney's recommendation that defendant be sentenced to a term of probation, in light of the services he provided, was binding on the sentencing court, as was obviously well known to defendant, a former attorney. Nevertheless, the court did reduce the maximum term of the promised sentence by one year and the minimum term by four months.

Subsequent to the sentencing, defendant entered into a further agreement with the Kings County District Attorney's Office to cooperate with that office and various State and Federal law enforcement agencies in exchange for advice by the District Attorney to judicial authorities that defendant should not receive a custodial sentence. The letter of understanding from the District Attorney obligated the defendant to give "truthful and accurate information and testimony". The letter went on to declare: "Should it be judged by this office that Spencer Lader has intentionally given false, misleading or incomplete information or testimony or has otherwise violated any provisions of this agreement, this agreement may be deemed null and void by this office."

The United States Attorney has written to the District Attorney to inform her that defendant has intentionally provided false, misleading and incomplete information. The letter from the United States Attorney reads in part:

"Following his sentencing, Lader continued to be debriefed by the United States Attorney's Office, the Strike Force and law enforcement agents. Also, Lader continued to testify before the grand jury. In June, 1984, Spencer Lader entered into a supplemental cooperation agreement with the United States Attorney's Office and the Strike Force.

"After having engaged in extensive efforts to corroborate the information provided by Lader and having carefully reviewed Spencer Lader's statements and grand jury testimony, the United States Attorney's Office and the Strike Force have determined that Lader has breached his agreements to cooperate fully with these offices and to provide complete, truthful

and accurate information and testimony. More specifically, these offices have found that Lader has intentionally provided false, misleading and incomplete information and testimony. To be sure, we do not mean to suggest that we have found that all information provided by Lader was false or misleading. On the contrary, our investigations have revealed that Lader did provide substantial information that proved to be truthful. However, because Lader flagrantly violated his agreements to provide full and complete cooperation, he seriously compromised our ability to use him as a witness or otherwise fruitfully use the information he provided. In sum, it is the opinion of the United States Attorney's Office and the Strike Force that the information provided by Spencer Lader ultimately has, at best, marginal prosecutive value. Thus, if Lader's sentencing were to take place today, we would not recommend that the Court not impose a term of imprisonment."

As a result, the District Attorney's Office has deemed its letter of understanding void and recommends that the sentences be affirmed.

Finally, we cannot accept defendant's contention that the sentencing court's conversation on June 3, 1983, with some of defendant's victims, which was on the record but outside the presence of defense counsel and the prosecutor, violated his right to due process (see, Williams v New York, 337 US 241). The victims had appeared at a scheduled sentencing date for the defendant and were informed by the Sentencing Judge that defendant's application for an adjournment had been granted earlier in the day to enable him to continue his attempts to make restitution. The Sentencing Judge merely gave those victims present the opportunity to express dissatisfaction with her decision to grant an adjournment of the sentencing date and to state what impact defendant's offenses had upon them (see, CPL 390.30 [3]). No accusations of impropriety were asserted by those present against the Sentencing Judge that would have required her to exercise superhuman objectivity in order to subsequently sentence defendant fairly and evenhandedly (cf. People v Julia, 40 AD2d 560). The fact that the Judge informed the complainants that defendant was going to jail even if he did make restitution does not evidence bias and a predisposition to impose a sentence of incarceration regardless of defendant's cooperation, for the court was merely informing the victims of the plea-bargain sentencing promise. Although the Judge was aware that defendant was cooperating with law enforcement officials, said officials had

not yet assessed the veracity of defendant's information. The morning prior to sentencing, law enforcement officials, in an in camera proceeding, fully informed the Sentencing Judge of the nature and extent of defendant's cooperation. The Sentencing Judge indicated that she was still inclined to impose a jail sentence but stated that she would further consider his cooperation and the imposition of a sentence of probation. Therefore, the remark on June 3, 1983 that defendant was going to jail, does not support defendant's contention that the court did not intend to take into consideration the services he furnished in pending criminal investigations.

All of the circumstances related lead to the conclusion that there should be an affirmance. Lazer, J. P., Gibbons, Bracken and Rubin, JJ., concur.