■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE CEBALLOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered October 24, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at trial in the light most favorable to the People, we find that it is legally sufficient to support the defendant's conviction of the crime charged (see, People v Lewis, 64 NY2d 1111). Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

In addition, we find that the trial court did not act improperly in warning one of the People's witnesses that he was subjecting himself to possible perjury or contempt charges due to his frequent lack of recall in the face of his having given a full factual statement to the prosecutor prior to testifying (see, People v Gottfried, 61 NY2d 617; People v Lee, 58 NY2d 773). We reject the defendant's contention that these admonitions,

coupled with the trial court's allowing the witness to thereafter continue testifying, denied the defendant a fair trial (cf., Webb v Texas, 409 US 95; People v Stanley, 133 AD2d 654; People v Ramos, 63 AD2d 1009).

Finally, our review of the record indicates that the trial court's charge, which employed a hypothetical factual scenario to explain to the jurors the distinction between intentional and reckless murder, did not, particularly when viewed in the context of the court's entire charge in his case, remove the determination of the question of whether the defendant was the perpetrator of the crime from the jury (see, People v Mosley, 67 NY2d 985). Mangano, J. P., Brown, Rubin and Harwood, JJ., concur.