██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN WRIGHT, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for review his present argument that a private interview between the trial court and the victim's family prior to defendant's sentencing requires that his sentence be vacated. The record does not reveal the substance of the interview, although, in their brief, the People concede that an interview did take place. The court should not have spoken privately with the victim's family. Effective August 16, 1992, CPL 380.50 was amended to allow the family of a homicide victim to make a statement at sentencing *(see,* L 1992, ch 307). At the time defendant was

sentenced, however, the sentiments of the victim's family could be made known to the court only through a written victim impact statement (CPL 390.30; *People v McCarthy,* 136 Misc 2d 623, 624) or at a presentence conference, provided that the prosecutor and defense counsel were given reasonable notice and an opportunity to participate (CPL 400.10 [2]). We decline to vacate the sentence in the interest of justice. "The applicable standard of fairness at sentencing hearings is whether the defendant had an opportunity to refute the aggravating factors which might have negatively influenced the court" *(People v Redman,* 148 AD2d 966, *lv denied* 74 NY2d 745; *People v Lader,* 114 AD2d 390, 392, *lv denied* 66 NY2d 920; *People v Contompasis,* 108 AD2d 1077, 1079, *lv denied* 65 NY2d 814). Here, defense counsel submitted a presentence memorandum to the court, as well as numerous letters written on defendant's behalf. Defense counsel and defendant exercised their right to address the court prior to sentencing. The court, acknowledging that it might "satisfy the feeling" of the victim's family if defendant were sentenced to the maximum, did not impose the maximum sentence upon defendant. Based upon the record before us, we cannot conclude that the sentencing court was unduly influenced by improper communications it might have had with the victim's family.

Although hypothetical illustrations should be avoided because of the likelihood that they might confuse the jury *(People v Robare,* 109 AD2d 923, 924), here, the hypothetical given by the court to illustrate the concept of an unjustifiable risk did not remove the issue of defendant's guilt from the jury, and the court's charge, as a whole, conveyed the proper definitions and concepts to the jury *(see, People v Ceballos,* 136 AD2d 719, 720, *lv denied* 71 NY2d 893; *People v Grant,* 132 AD2d 619, 620, *lv denied* 70 NY2d 750). (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Vehicular Manslaughter, 2nd Degree.) Present—Denman, P. J., Pine, Lawton, Boehm and Doerr, JJ.