▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JONES, Appellant. [599 NYS2d 860] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Greenberg, J.), imposed November 26, 1991, upon his conviction of manslaughter in the first degree, the sentence being an indeterminate term of 8 to 24 years imprisonment.

Ordered that the sentence is affirmed.

The record does not substantiate the defendant's claim that the sentencing court spoke to the victim's brother and counsel outside of his presence. Moreover, the defendant's further

claim that the court erred in permitting the victim's brother to make an oral victim impact statement is unpreserved for appellate review because the defendant failed to raise any objection to this procedure *(see, People v Wright,* 187 AD2d 1016). In any event, although the defendant correctly notes that at the time of sentencing, the sentiments of the victim's family could be made known to the court only through a written victim impact statement *(see,* CPL 390.30), or at a presentence conference, provided that the prosecutor and defense counsel were given reasonable notice and an opportunity to participate *(see,* CPL 400.10 [2]), in the absence of any indication that the sentencing court was unduly influenced by its conversation with the victim's brother, we decline to vacate the sentence in the exercise of our interest of justice jurisdiction *(see, People v Wright, supra).* Finally, we note that the defendant's negotiated sentence was not unduly harsh or excessive *(see, People v Delgado,* 80 NY2d 780). Mangano, P. J., Balletta, Eiber, Copertino and Pizzuto, JJ., concur.