■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE KNAPP, Appellant. [623 NYS2d 355] —Peters, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered April 28, 1993, upon a verdict convicting defendant of the crimes of assault in the second degree and unlawful imprisonment in the first degree.

Defendant and the victim lived together in an apartment in the Town of Liberty, Sullivan County. On the evening of July 3, 1992, they went to a local bar where they consumed alcohol. Defendant became intoxicated and both defendant and the victim received a ride home. During such ride, an argument ensued between defendant and the victim, resulting in the victim's refusal to exit the vehicle when the driver reached their apartment. Defendant then exited the vehicle and began to drag the victim from the back seat, banging her head against it in his effort to remove her. Defendant thereafter dragged the victim by her neck and hair to their apartment wherein defendant severely beat her over the course of several hours.

An anonymous telephone call was made to the State Police in the early morning hours of July 4, 1992 which resulted in a State Trooper going to the apartment. According to the victim, defendant restrained her from answering the door and threatened to kill her if she spoke. After no one answered the door, the State Trooper left. Defendant then purportedly assaulted, raped and sodomized the victim. After receiving another phone call at approximately 7:00 A.M., two State Troopers went to the apartment, gained access and arrested defendant.

Defendant was indicted for rape in the first degree, two counts of sodomy in the second degree, two counts of assault in the second degree, and unlawful imprisonment in the first degree. After a jury trial, defendant was convicted of one count of assault in the second degree and unlawful imprisonment in the first degree. He was sentenced as a second felony offender to concurrent prison terms of 3½ to 7 years on the assault in the second degree conviction and 2 to 4 years on the unlawful imprisonment in the first degree conviction. Defendant appeals.

Defendant contends that the assault conviction was against the weight of the evidence since the People failed to prove that he intended to cause serious physical injury and that the

injuries suffered by the victim failed to reach the level of serious physical injury. We disagree. The testimony revealed that defendant repeatedly punched the victim in the face, causing her to be so disfigured that she was unrecognizable. Testimony further revealed that defendant kicked the victim over a period of several hours, burned her on the ankle and bit her. Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we find that the jury had sufficient evidence to draw the inference of intent to cause serious physical injury (see, People v Rumaner, 45 AD2d 290, 292).

As to the sufficiency of evidence establishing serious physical injury, the treating physician as well as other doctors and nurses testified that the victim was admitted to the hospital with injuries to her face, eye and abdomen, and that she had an extremely high white cell count, indicative of internal injuries. She required five days of hospitalization during which she was injected with pain-relieving medication. She further suffered from nausea and dizziness, was unable to open her mouth and had blurred vision and headaches. The victim testified that her headaches continued up until the time of trial and that she continued to suffer pain at that part of her face injured as a result of defendant's assault. Her treating physician concluded that she had suffered an impairment of her health as a result of the injuries. Since defendant offered no evidence in opposition (see, People v Hildenbrandt, 125 AD2d 819, lv denied 69 NY2d 881), we find the evidence wholly sufficient to establish serious physical injury (see, People v Romer, 163 AD2d 880, lv denied 76 NY2d 896; People v Williams, 96 AD2d 740).

As to defendant's remaining contention that the unlawful imprisonment conviction (see, Penal Law § 135.10) merged into the higher offense of assault in the second degree (see, Penal Law § 120.05 [1]), we find such issue unpreserved for our review (see, CPL 470.05; People v Wilsey, 99 AD2d 877).

Addressing next the errors alleged by defendant upon sentencing, we note that defendant timely objected to County Court's consideration of both written and oral statements of persons other than the victim. While County Court did consider the written statements of the victim's mother and sister in the presentence report, we find no indication that the court was unduly influenced thereby. It instead noted the mental health, alcohol or drug abuse problems of defendant as well as the brutal nature of the attack as significant factors affecting the decision (cf., People v Jones, 195 AD2d 482, 483, lv denied

82 NY2d 755). Moreover, while the court refused to permit any substantive oral statement by the victim's mother at sentencing, it did permit her to make comments which we find to be innocuous. We, therefore, consider any such error harmless *(see, supra; People v Branshaw,* 177 AD2d 1028, *lv denied* 79 NY2d 918).

Finally, as to defendant's contention that the sentences imposed are unduly harsh and excessive, we disagree. The sentences are within the permissible statutory range *(see,* Penal Law § 70.06 [3] [d], [e]). Finding the assault particularly brutal and the lack of any extraordinary circumstances warranting a modification *(see, People v Doane,* 208 AD2d 971; *People v Jackson,* 201 AD2d 840, *lv denied* 83 NY2d 911), we affirm the judgment of County Court.

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed.