■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL OYOLA, Appellant. [626 NYS2d 849] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.) rendered April 28, 1993, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the present matter should be remitted for resentencing because, at the sentencing proceedings held on April 28, 1993, the court allowed the victim to make a statement as authorized by CPL 380.50 (2) (b). The defendant argues that CPL 380.50 (2) (b) is unconstitutional in that "it serves no useful purpose in the sentencing process". We disagree.

The psychological impact that the defendant's crime had on his victim was undoubtedly a proper factor to be considered by the County Court in imposing sentence *(see, e.g., People v White,* 192 AD2d 736). Nothing in the State or Federal Consti-

tutions prohibited the County Court from considering the victim's own account of the defendant's crime in assessing the true dimensions of this psychological impact *(see, e.g., Williams v New York,* 337 US 241, *affg* 298 NY 803; *People v Jones,* 195 AD2d 482; *People v Wright,* 187 AD2d 1016; *People v Lader,* 114 AD2d 390; *see also, Payne v Tennessee,* 501 US 808, overruling *Booth v Maryland,* 482 US 496). The terms of CPL 380.50 (2) (b) advance the State's " 'legitimate interest in * * * reminding the sentencer that just as the [convicted criminal] should be considered as an individual, so too the victim is an individual' " *(Payne v Tennessee, supra,* at 825, quoting *Maryland v Booth,* 482 US, *supra,* at 517 [White, J., dissenting]). In sum, CPL 380.50 (2) (b) advances a legitimate State interest, and its application in this case did not deprive the defendant of any of his constitutionally-guaranteed rights. Balletta, J. P., Copertino, Altman and Goldstein, JJ., concur.