OPINION OF THE COURT
Joseph S. Silverman, J.
The People move this court for an order to vacate defendant’s plea made pursuant to a written cooperation agreement on the ground that defendant did not comply with the agreement. Defendant opposes the motion requesting the agreement be enforced. The question before this court is whether it is within *274 the People’s discretion to determine if the defendant has complied with the cooperation agreement and then based upon their determination this court must vacate defendant’s guilty plea.
On June 6, 1996, Clarence J., Herbert D., Gary D., and Darrin D. were indicted for murder in the second degree, and other charges arising from an incident which occurred on June 1, 1996 when two individuals were shot, one of whom died. The Grand Jury which voted the indictment heard from three eyewitnesses. The surviving victim of the shooting identified Darrin D. as the person who shot at him. Another witness placed all four defendants at the scene firing their weapons. The last eyewitness identified only the clothing of the shooter who fired at the deceased. The defendant Gary D., matched this description. The testimony of the third witness was suppressed after a Wade hearing was held.
Following the Wade hearing decision, the People entered into a plea agreement with Clarence J. on May 2, 1997. Pursuant to this agreement the People agreed to accept a plea to the lesser charge of criminal possession of a weapon in the third degree in full satisfaction of the indictment and would recommend a sentence of six months’ incarceration and five years’ probation. In return for this plea and sentence the defendant was to give truthful and accurate information and testimony relating to the events of June 1st.
The agreement states in pertinent part that: "Should it be determined by this Office that Clarence J. has failed to fully comply with the terms of this agreement, Clarence J.’s guilty plea * * * shall stand or at the discretion of the District Attorney of Kings County, Clarence J.’s guilty plea shall be vacated and Clarence J. may be prosecuted by this Office for those crimes as set forth above”.
At the time of his arrest, Clarence J. made a videotaped statement to the effect that he saw Gary D. shoot the deceased. Based on the evidence adduced during the Grand Jury hearings coupled with defendant’s videotaped statement and in reliance on further statements made by the defendant which the People believed were true the People entered into the above agreement with the defendant. The People state that following the plea agreement while preparing for trial they determined that there were inconsistencies in defendant’s statements. Notably, defendant originally stated that he saw Gary D. shoot the decedent but did not see what Darrin D. was doing at that time. Subsequently, defendant told the People that he had in *275 fact seen Darrin D. shoot the victim who survived. The People indicate that while visiting the scene they were approached by witnesses who indicated the D.’s did not do the shooting. Additionally, the People met with eight additional witnesses, four of whom stated that it was Clarence J. who shot the decedent.
The People conducted polygraph tests which defendant failed and Gary D. passed. As a result of the polygraph results and the statements of the additional witnesses the People now seek to present all the evidence to a new Grand Jury, to supersede the current indictment, and allow a Grand Jury to decide who to indict. The People move to vacate defendant’s plea because from all the evidence now garnered they have determined that the defendant has not been truthful and has not complied with the agreement.
It is the People’s position that the agreement leaves the determination of whether defendant complied with the terms of the agreement up to them and concomitantly it is within their sole discretion and it is not for the Judge or anyone else to determine whether defendant’s plea be vacated. In support of their position the People rely on People v Lader (114 AD2d 390). The cooperation agreement in Lader used the same language as the agreement herein, to wit (at 391): the defendant was obligated to give "truthful and accurate information and testimony * * * Should it be judged by this office that Spencer Lader has intentionally given false, misleading or incomplete information or testimony or has otherwise violated any provision of this agreement, this agreement may be deemed null and void by this office.” The People argue that the Court therein held that based on the wording of the agreement the determination of defendant’s compliance was solely in the hands of the People and the People may deem the agreement void.
It is this court’s position that "[withdrawal of a plea * * * is not within the power of the prosecutor[.] That power rests solely in the discretion of the Court”. (People v Selikoff, 35 NY2d 227, 241; CPL 220.60 [former (4)], renum [3] by L 1974, ch 367, § 13.) However, on application of the prosecutor, a court may entertain the People’s motion to vacate a plea, where it was obtained by fraud or misrepresentation. (Matter of Lockett v Juviler, 65 NY2d 182.) The court is the final arbiter of whether a defendant complied with the conditions of an agreement, not the People.
Furthermore, the People’s reliance on People v Lader (supra) is inapposite. First, in Lader the Court did not vacate a plea. *276 Additionally, it did not deal with the issue raised here of whether it is the People who determine when to vacate a plea. Contrary to the People’s assertions otherwise in Lader, the Court did not leave determination of defendant’s compliance up to the People. There is no indication what weight or consideration the Court gave the agreement or the People’s determination that the agreement was void because defendant was untruthful. In fact, the Court indicated (at 393) it "would further consider his cooperation”.
In the court’s view the facts as presented here by the People do not establish fraud, misrepresentation or the failure of defendant to comply with the terms of the cooperation agreement. The People’s position that defendant may not be telling the truth is based on investigations made after the plea was taken. Witnesses interviewed following the plea controverted earlier witnesses who had corroborated defendant’s statements. It is not clear from these facts that defendant is not being truthful or that he has not complied with the terms of the cooperation agreement. This court having accepted defendant’s plea, and having not found fraud, has no power to set the plea aside without defendant’s consent. (People v Ford, 65 AD2d 822.) Additionally, the People have determined defendant was not being truthful based on his failure of the polygraph. However, the result of the lie detector test is not admissible in New York State. (People v Leone, 25 NY2d 511.)
For the foregoing reasons the People’s motion to vacate the plea is denied.