People v Caulfield (2025 NY Slip Op 01676)

People v Caulfield

2025 NY Slip Op 01676

Decided on March 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 20, 2025

112616
[*1]The People of the State of New York, Respondent,
v
Thomas Caulfield, Appellant.

Calendar Date:February 18, 2025

Before:Clark, J.P., Ceresia, Fisher, McShan and Mackey, JJ.

Stephen W. Herrick, Public Defender, Albany (Vincenzo S. Sofia of counsel), for appellant.
Lee C. Kindlon, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Albany County (William Carter, J.), rendered July 26, 2019, convicting defendant upon his plea of guilty of the crimes of attempted murder in the second degree, assault in the first degree, aggravated criminal contempt and criminal possession of a weapon in the fourth degree (two counts).
Defendant was charged in a five-count indictment with attempted murder in the second degree, assault in the first degree, aggravated criminal contempt and two counts of criminal possession of a weapon in the fourth degree. The charges arose out of an incident in which defendant, in violation of an order of protection, entered the beauty salon where the victim — his estranged wife — worked and, armed with metal knuckles and a knife, attacked the victim by, among other things, stabbing her multiple times causing life-threatening injuries. After rejecting a plea offer with a sentencing promise ranging between 18 and 20 years in prison, defendant, with no sentencing commitment, entered a plea of guilty to the entire indictment. County Court sentenced defendant to concurrent prison terms, the maximum of which was 25 years in prison on both the attempted murder and the assault convictions, with lesser concurrent sentences as to the remaining charges, to be followed by a period of postrelease supervision. Defendant appeals.
Defendant contends that County Court abused its discretion in permitting the victim impact statements from the two children of defendant and the victim, the victim's mother — all of whom were subjects of the order of protection — and the victim's client who attempted to intervene at the time of the attack to be heard at the time of sentencing, as well as the inclusion in the presentence report of six other witness statements. According to defendant, the cumulative effect of these statements, which he alleges are repetitive, inflammatory and contain misstatements of fact, was unduly prejudicial and negatively impacted the fair administration of justice.
We disagree. Initially, despite defendant's assertion that he objected to the admission for sentencing of the multiple statements in an in-chamber conference, there is no on-the-record objection challenging the number or content of those statements, although there was an opportunity to do so. As such, his challenges to those statements are unpreserved for appellate review (see CPL 470.05 [2]; People v Jones, 195 AD2d 482, 482 [2d Dept 1993], lv denied 82 NY2d 755 [1993]; cf. People v Knapp, 213 AD2d 740, 741 [3d Dept 1995]). Furthermore, we decline to take corrective action in the interest of justice as, were we to consider defendant's contentions, we would find that any alleged error was harmless, as County Court set forth the significant factors affecting its sentencing determination, such as the brutal nature of the crime that defendant admitted to committing against the backdrop of his substance abuse affecting his mental health treatment, and therefore [*2]it cannot be said that any statements or alleged misstatements made during sentencing were so inflammatory or unduly prejudicial so as to render the sentence flawed (see People v Rogers, 156 AD3d 1350, 1351 [4th Dept 2017], lv denied 31 NY3d 986 [2018]; People v Texidor, 123 AD3d 746, 747 [2d Dept 2014], lv denied 25 NY3d 954 [2015]; People v Knapp, 213 AD2d at 741; People v Branshaw, 177 AD2d 1028, 1028 [4th Dept 1991], lv denied 79 NY2d 918 [1992]).
Turning to the sentence imposed, defendant asserts that the sentence imposed was unduly harsh and severe given, among other things, his lack of criminal history (at least until shortly before the instant offense), his genuine remorse and his impaired emotional and mental health, as well as his age in relation to the lengthy prison term. Defendant's sentence of 25 years in prison is the maximum permissible prison term for his convictions of attempted murder and assault, both class B violent felonies (see Penal Law § 70.02 [1] [a]; [3] [a]). Given the profoundly disturbing, savage and brazen attack on the victim, fueled by jealousy and vengeance, perpetrated during working hours at her place of employment with numerous people present and in violation of an order of protection, and but for the intervening and heroic efforts of one of the victim's clients would have resulted in the victim's death, we are unpersuaded that the sentence imposed was unduly harsh or severe under the unique circumstances of this case (see CPL 470.15 [6] [b]; People v Ryan, 176 AD3d 1399, 1402 [3d Dept 2019], lv denied 34 NY3d 1081 [2019]; People v Kendall, 91 AD3d 1191, 1193 [3d Dept 2012]; see also People v Mathews, 134 AD3d 1248, 1251 [3d Dept 2015]).
Lastly, we find defendant's contention that he did not receive the effective assistance of counsel to be without merit. The record, particularly the sentencing memorandum that included a psychological evaluation of defendant, belies defendant's contention that counsel failed to assert as a mitigating factor for sentencing that defendant was under extreme emotional disturbance when he committed the instant offense. To the extent not specifically discussed, we find defendant's remaining contentions to be unpersuasive.
Clark, J.P., Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.