■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK W. CHMIEL, Appellant.

■ Memorandum: On appeal from a judgment of conviction for criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31), defendant claims reversal is required because the trial court erred in ordering defense counsel to disclose to the prosecutor notes of counsel's interview with the defendant. The court clearly erred because defendant need only disclose recorded statements "made by a person *other than the defendant* whom the defendant intends to call as a witness at the trial". (CPL 240.45 [2] [a]; emphasis added). The error in this nonjury trial was harmless, however, because the court quickly recognized its mistake and retracted its ruling and the evidence of defendant's guilt was overwhelming *(see, People v Crimmins,* 36 NY2d 230). We also reject defendant's claim that his sentence was excessive. (Appeal from judgment of Supreme Court, Erie County, Doyle, J. —criminal sale of controlled substance, fifth degree.) Present —Dillon, P. J., Green, Pine, Balio and Lawton, JJ.