■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MAURO, Appellant. [654 NYS2d 384] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Jonas, J.), rendered March 29, 1996, convicting him of assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, criminal use of a firearm in the second degree, reckless endangerment in the first degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the facts of this case, there was no reasonable probability

that the disclosure of a prosecution witness's past status as a police informant would have affected the outcome of the trial (*see, People v Wright,* 86 NY2d 591; *People v Chin,* 67 NY2d 22, 33). The witness in question, unlike the complainant in *People v Wright (supra),* was a third party with no direct interest in the outcome of the case. The police in the instant case arrived at the scene as the defendant was being restrained by civilian witnesses. Unlike the testimony of the police in *People v Wright (supra),* the police in the instant case did not corroborate either the defendant's or the People's version of the incident. Accordingly, the fact that a prosecution witness had been a police informant in the past was not material in this case (*see, People v Mauro,* 167 Misc 2d 951).

The defendant's remaining contentions are without merit. Miller, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.