■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ALSTON, Appellant. [696 NYS2d 28] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered January 11, 1996, convicting defendant, after a jury trial, of murder in the second degree (2 counts) and criminal possession of a weapon in the third degree (2 counts), and sentencing him, as a second felony offender, to two consecutive terms of 25 years to life to run concurrently with two concurrent terms of 3½ to 7 years, unanimously affirmed.

In light of defendant's acquiescence in the court's rulings, defendant failed to preserve his claim that, by precluding inquiry

about two cases that were subject to dismissal, the court improperly precluded him from inquiring about possible motives to fabricate on the part of two prosecution witnesses (*see, People v Gonzalez*, 189 AD2d 701, *lv denied* 81 NY2d 971), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court properly exercised its discretion in precluding such inquiry.

The court properly precluded defense counsel from eliciting concededly hearsay testimony from two alibi witnesses, since defendant never provided any cogent reason for departure from the hearsay rule (*see, People v Colon*, 235 AD2d 305, *lv denied* 89 NY2d 1090). To the extent defendant is raising a constitutional claim, that claim is unpreserved and we decline to review it in the interest of justice.

The court properly denied defendant's severance motion. Since there was an overlap of evidence between the two indictments, the People were entitled to joinder under CPL 200.20 (2) (b). In any event, defendant did not show good cause for a discretionary severance under CPL 200.20 (3).

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Ellerin, P. J., Rosenberger, Nardelli, Mazzarelli and Andrias, JJ.