THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOROTHY JONES, Appellant. [707 NYS2d 282] —Judgment unani-

mously affirmed. Memorandum: Defendant appeals from a judgment convicting her after a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (Penal Law § 265.03). We reject her contention that she is entitled to a new trial because the People failed to disclose *Brady* material. While being held at the Erie County Holding Center prior to trial, defendant allegedly confessed to a fellow inmate. Although that inmate was not promised anything in return for her testimony at defendant's trial, neither defendant nor the trial prosecutor knew that the inmate was cooperating with the District Attorney's office in an unrelated case and had been promised a reduction in misdemeanor charges for that cooperation. Three days after the conclusion of defendant's trial, the inmate testified in the other case and her plea agreement was placed on the record. The Justice presiding at defendant's trial became aware of that plea agreement and disclosed it to defendant prior to sentencing. After being given an opportunity to investigate the matter, defendant did not dispute the prosecutor's denial of any connection between the plea agreement and the inmate's testimony against defendant. Defendant nevertheless contended that the plea agreement was *Brady* material and moved to vacate the verdict. Supreme Court summarily denied the motion.

"The *Brady* rule is based on the requirement of due process. Its purpose is not to displace the adversary system as the primary means by which truth is uncovered, but to ensure that a miscarriage of justice does not occur. Thus, the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial" (*United States v Bagley*, 473 US 667, 675). The critical issue therefore in any case such as this concerns the materiality of the undisclosed evidence.

Because defendant's pretrial request for *Brady* material was nonspecific, the undisclosed evidence here is material only if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different" (*People v Wright*, 86 NY2d 591, 597). The issue is whether, "in the context of the entire trial, the omitted evidence creates a reasonable doubt that did not otherwise exist" (*People v Baxley*, 84 NY2d 208, 214, *rearg dismissed* 86 NY2d 886). We conclude that, in the context of the entire trial, the undisclosed evidence does not undermine confidence in the verdict by creating a reasonable doubt that did not otherwise exist (*see, People v Mauro*, 236 AD2d 560, *lv denied* 89 NY2d

1097; *see also, People v Sibadan,* 240 AD2d 30, *lv denied* 92 NY2d 861; *cf., People v Wright, supra,* at 597-598). In the absence of any connection between the plea agreement of the inmate and her testimony against defendant, the probative value of that plea agreement was minimal. Furthermore, we reject defendant's contention that the court erred in failing to conduct a hearing (*see, People v Gibson,* 260 AD2d 399, *lv denied* 93 NY2d 924; *see also, People v Gruden,* 42 NY2d 214, 215-216).

Defendant also contends that the court committed reversible error in ruling that, before testifying, defendant had to disclose a handwritten narrative that she prepared for her attorney (*see,* CPL 240.45 [2] [a]). The court thereafter retracted its erroneous ruling and directed the prosecutor not to use the narrative in cross-examining defendant (*see, People v Drayton,* 198 AD2d 770; *People v Chmiel,* 124 AD2d 1033, *lv denied* 68 NY2d 999). Upon questioning by the court, defense counsel indicated that the court's corrective action was sufficient to rectify any error, and thus defendant failed to preserve her present contention for our review (*see, People v Alston,* 264 AD2d 685, *lv denied* 94 NY2d 876; *People v Rivera,* 255 AD2d 273, *lv denied* 92 NY2d 1053). Additionally, defendant's contention that the court erred in failing to give an intoxication instruction is not preserved for our review (*see, People v Johnson,* 238 AD2d 522, 523, *lv denied* 90 NY2d 859). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Defendant's challenge concerning the court's refusal to charge criminally negligent homicide as a lesser included offense of murder in the second degree "is foreclosed by the jury's verdict of guilty of murder in the second degree * * * and its implicit rejection of the charged lesser included offense of manslaughter in the second degree" (*People v Scott,* 203 AD2d 911, 912, *lv denied* 83 NY2d 971; *see, People v Henderson,* 244 AD2d 889, 890, *lv denied* 91 NY2d 926). Finally, we conclude that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147) and that the sentence is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Murder, 2nd Degree.) Present—Hayes, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.