**John ALSTON, Petitioner,**

v.

**Daniel SENKOWSKI, Superintendent, Clinton Correctional Facility, Respondent.**

**No. 01 Civ.2889 SHS GWG.**

United States District Court, S.D. New York.

July 2, 2002.

John Alston, Dannemora, NY, Pro se.

Zaharah R. Markoe, Assistant District Attorney, Robert T. Johnson, District Attorney, Bronx County, Bronx, NY, for Respondent.

## *ORDER*

STEIN, District Judge.

In a Report and Recommendation dated May 21, 2002, Magistrate Judge Gabriel W. Gorenstein recommended that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed because he has not established a permissible "cause" for the failure to exhaust his state court remedies and because nothing in his papers shows a fundamental miscarriage of justice (*i.e.*, actual innocence).

After a *de novo* review of Magistrate Judge Gorenstein's Report and Recommendation dated May 21, 2002, respondent's objections date May 24, 2002, and petitioner's objections dated June 17, 2002,

IT IS HEREBY ORDERED that:

1. Magistrate Judge Gorenstein's "Report and Recommendation" is adopted and petitioner's application for a writ of *habeas corpus* is denied and the petition dismissed with prejudice on the grounds set forth in the Report and Recommendation; and

2. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. – 2253 (as amended by the AEDPA); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 111–13 (2d Cir.2000); *Soto v. United States*, 185 F.3d 48, 51–53 (2d Cir.1997); *United States v. Perez*, 129 F.3d 255, 259–60 (2d Cir.1997), **cert. denied**, 525 U.S. 953, 119 S.Ct. 384, 142 L.Ed.2d 318 (1998).

SO ORDERED.

## *REPORT AND RECOMMENDATION*

GORENSTEIN, United States Magistrate Judge.

### I. *BACKGROUND*

In this *pro se* petition brought pursuant to 28 U.S.C. § 2254, petitioner John Alston seeks a writ of habeas corpus to set aside a judgment of conviction issued on January 11, 1996, by the Supreme Court, Bronx County. *See* Petition for Writ of Habeas Corpus, dated February 26, 2001 (hereinafter "Petition"). He is currently incarcerated at the Clinton Correctional Facility in Dannemora, New York pursuant to the judgment of conviction.

### A. *State Court Proceedings*

At trial, the prosecution produced evidence, including two eyewitnesses, that Alston, a drug dealer, had used a gun to kill another drug dealer in April 1993 and had also used a gun to kill one of his customers in January 1994. *See* Brief for Defendant–Appellant, dated October 23, 1998 ("App. Brief") (reproduced as Exhibit 1 to Affidavit in Opposition to Petition for Habeas Corpus, dated September 2001) (hereinafter "Respondent Aff."), at 3, 7–25. Alston was convicted, following a jury trial, of two counts of Murder in the Second Degree (New York Penal Law § 125.25(1)), and two counts of Criminal Possession of a Weapon in the Third Degree (New York Penal Law § 265.02(4)). Petition at 1. He was sentenced as a predicate felon to indeterminate terms of 25 years to life on each of the murder counts, to run consecutively, and 3–1/2 to 7 years on each of the weapons possession charges, to run consecutively to each other and concurrently with the murder sentences. Petition at 1–2.

Represented by counsel, Alston appealed his conviction to the Appellate Division, First Department raising the following arguments in support of reversal: first, the

trial court improperly refused to allow Alston to question the two eyewitnesses about bench warrants that had been issued against them, App. Brief at 27–36; second, the trial court improperly refused to allow two defense alibi witnesses to testify that they had been present when Alston had allegedly first received news of the deaths of each victim, App. Brief at 37–40; and third, the trial court should have granted Alston's motion to sever the murder counts, App. Brief at 41–45. Alston also submitted a. *pro se* supplemental brief to the Appellate Division, First Department arguing a fourth issue: that the trial court's "reasonable doubt" instructions were improper. *See Pro Se* Supplemental Brief, dated March 10, 1999 ("Supp.Brief") (reproduced as Exhibit 2 to Respondent Aff.).

On September 30, 1999, the Appellate Division affirmed Alston's conviction. *People v. Alston*, 264 A.D.2d 685, 696 N.Y.S.2d 28 (1st Dep't 1999). The Court ruled on the four issues as follows: (1) The Court held that the defendant had "acquies[ed] to the court's rulings" on the bench warrants and therefore had failed to preserve his claim. While it declined to review the claim "in the interest of justice," it held that even if it had considered this claim it would have found that "the [trial] court properly exercised its discretion in precluding such inquiry." (2) The Court found that the trial court had "properly precluded defense counsel from eliciting concededly hearsay testimony from two alibi witnesses, since defendant never provided any cogent reason for departure from the hearsay rule" and that to the extent that Alston was raising any constitutional claim, it was unpreserved. (3) The Court held that the trial court properly denied defendant's severance motion "since there was an overlap of evidence between the two indictments" and "in any event, defendant did not show good cause

for a discretionary severance." (4) The Court also stated that it had "considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief." *See People v. Alston*, 264 A.D.2d at 685–86, 696 N.Y.S.2d 28.

Represented by the same counsel, Alston submitted an application to the New York Court of Appeals seeking leave to appeal the Appellate Division's decision. *See* Letter Application from Peter Daily, dated October 11, 1999 ("Letter App.") (reproduced as Exhibit 5 to Respondent Aff.). This letter stated in its entirety:

Pursuant to Criminal Procedure Law, Section 460.20, I am submitting the enclosed application for permission to appeal to the Court of Appeals in the above-entitled case [People v. Alston, # 900/94]. No application has been made to a Justice of the Appellate Division.

I am entering copies of the briefs filed in the Appellate Division and that Court's order and opinion. Please advise me of the judge designated to decide this application so that I may send that judge a follow-up letter in support of the application.

*Id.* The "enclosed application" made no mention of any issues to be raised to the Court of Appeals. *Id.* Although Alston's counsel advised the Court of Appeals that a "follow-up" letter would be forthcoming, it is conceded that no such letter was ever submitted. On January 18, 2000, the New York Court of Appeals denied Alston's application for leave to appeal. *People v. Alston*, 94 N.Y.2d 876, 705 N.Y.S.2d 8, 726 N.E.2d 485 (2000).

**B. *The Present Petition***

Alston's *pro se* petition for writ of habeas corpus is dated February 26, 2001, was received by the Pro Se Office of this Court on March 9, 2001, and was filed on April 5,

2001. The petition asserts grounds for relief that are essentially identical to the grounds raised before the Appellate Division, including the claim raised in the *pro se* brief. The claims are designated as Grounds "One, Two, Three and Four" in the petition. *See* Petition at 6–9. The respondent has moved to dismiss the petition on the grounds that it is untimely and that Alston has not exhausted his State court remedies.

## II. *DISCUSSION*

### A. *Timeliness of the Petition*

■ The respondent argues that Alston's petition is barred by the one-year statute of limitations period contained in 28 U.S.C. § 2244(d)(1). *See* Affidavit in Opposition to Petition for Habeas Corpus, dated August 30, 2001, and an accompanying Memorandum of Law, dated September 2001 at 4–5, n. 2. The sole basis for this argument is respondent's contention that the Second Circuit's recent decision in *Williams v. Artuz*, 237 F.3d 147, 150–151 (2d Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 279, 151 L.Ed.2d 205 (2001), is incorrect insofar as it holds that the deadline for filing a habeas petition includes the ninety-day period available for seeking a writ of certiorari from the Supreme Court following the denial of an application for leave to appeal to the Court of Appeals. This Court is of course obligated to follow *Williams* and thus rejects the respondent's argument. Because Alston's petition was filed within the ninety-day period, it is timely.

### B. *Exhaustion*

■ The respondent also argues that Alston has failed to exhaust his State court remedies. Respondent Mem. at 4–18. Under the habeas statute, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A); *see, e.g., Daye v. Attorney General,* 696 F.2d 186, 190 (2d Cir.1982), *cert. denied,* 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984). In order for a particular claim in a federal habeas petition to be deemed exhausted, the petitioner is required to have presented that claim to each level of the state courts to which the right to appeal lies. *See, e.g., O'Sullivan v. Boerckel,* 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard v. Connor,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Daye,* 696 F.2d at 191.

■ Petitioners must also have "fairly presented" the constitutional nature of their claim to the state courts. *Daye,* 696 F.2d at 191; *accord Duncan v. Henry,* 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). Petitioners may "fairly present" their federal claims in state court by, *inter alia,* presenting explicit constitutional arguments, relying on federal and state cases that employ a constitutional analysis, asserting claims in such a way as to call to mind a specific right protected by the Constitution or alleging facts that fall within the mainstream of constitutional analysis. *Levine v. Comm'r of Corr. Servs.,* 44 F.3d 121, 124 (2d Cir. 1995), *cert. denied,* 520 U.S. 1106, 117 S.Ct. 1112, 137 L.Ed.2d 313 (1997); *Daye,* 696 F.2d at 194.

■ The respondent argues that Alston did not "fairly present" to the New York Court of Appeals any of the claims in his petition and thus did not fulfill the exhaustion requirement. Respondent Mem. 5–12. Although Alston did present all four of his claims to the Appellate Division, his application for leave to appeal to the Court of

Appeals did not identify the claims for which he sought review. *See* N.Y. Court Rules § 500.10(a) (requiring counsel to "identify the issues on which the application is based"). Instead, his attorney merely made reference to the fact that he had enclosed the Appellate Division briefs and stated that a further letter would follow. *See* Letter App., Exhibit 5 to Respondent Aff.

The mere inclusion of appellate briefs in an application for leave to appeal to the Court of Appeals, without more, does not "fairly present" a petitioner's constitutional claims to that court for purposes of the exhaustion requirement. As noted, the Court of Appeals rules specifically require that a party "identify the issues" sought to be raised. N.Y. Court Rules § 500.10(a) Counsel's letter in this case identified no such issues. While counsel enclosed a copy of the Appellate Division briefs, this action could not have alerted the Court of Appeals that counsel was proposing to raise the issues contained therein for two reasons. First, the Court of Appeals requires that *all* applications seeking leave to appeal include a copy of the briefs filed in the Appellate Division. *See* N.Y. Court Rules § 500.10(a). Thus, the act of enclosing briefs is not an unusual event that might put the Court of Appeals on notice that the act had any significance with respect to the issues sought to be raised. Second, counsel's letter had specifically stated that a further letter would follow in support of the application for leave to appeal. *See* Letter App., Exhibit 5 to Respondent Aff. Because of this statement, the Court had no reason to believe the application was complete and thus presented even the issues contained in the briefs.

Second Circuit case law provides guidance in this regard. In *Grey v. Hoke*, 933 F.2d 117 (2d Cir.1991), the petitioner had identified one claim in his leave to appeal letter to the New York Court of Appeals and also attached his Appellate Division briefs, which raised three issues including the one specified in the letter. 933 F.2d at 120. The Second Circuit held that the claims raised in the briefs were not exhausted, except for the one claim raised in the appeal letter. *Id.* at 120. The Second Circuit reasoned that the New York Court of Appeals was not alerted that all the claims in the briefs were being raised and refused to require the Court to "look for a needle in a paper haystack." *Id.* at 120 (quoting *Mele v. Fitchburg Dist. Ct.*, 850 F.2d 817, 822 (1st Cir.1988)); *accord Jordan v. Lefevre*, 206 F.3d 196, 198–99 (2d Cir.2000) ("Counsel may not transfer to the state courts the duty to comb through an applicant's appellate brief to seek and find arguments not expressly pointed out in the application for leave.").

Following this ruling, one court has held in a situation virtually identical to Alston's that there can be no exhaustion of any issue where the "letter requesting leave to appeal to the New York Court of Appeals did not identify any issues, and stated only that the appellate brief was attached." *Black v. McGinnis*, 2001 WL 209916, at *3 (S.D.N.Y. March 1, 2001). More recently, in *Ramirez v. Attorney General*, 280 F.3d 87 (2d Cir.2001), the Second Circuit stated: "[r]eferences to attached briefs without more will preserve issues only if the Court of Appeals is *clearly informed* that the reference is asserting issues in those briefs as bases for granting leave to appeal." 280 F.3d at 96 (emphasis added). Had appellate counsel actually asked the Court to review the claims contained in the briefs, that certainly would have satisfied the exhaustion requirement. *See Morgan v. Bennett*, 204 F.3d 360, 369–70, 371 (2d Cir.), *cert. denied*, 531 U.S. 819, 121 S.Ct. 59, 148 L.Ed.2d 26 (2000). Here, however, the New York Court of Appeals was never informed that the issues contained in Al-

ston's briefs were being asserted as bases for granting leave to appeal.[1]

As discussed in detail in *Bossett v. Walker,* 41 F.3d 825, 829 (2d Cir.1994), *cert. denied,* 514 U.S. 1054, 115 S.Ct. 1436, 131 L.Ed.2d 316 (1995), Alston is now barred from making any additional leave application because Alston's application for leave to appeal has already been denied by the New York Court of Appeals. *See* New York Court Rules § 500.10(a) (only one application available for leave to appeal to Court of Appeals). He also is foreclosed from bringing these claims in the state courts as a collateral attack on his conviction because the claims could have been raised (and indeed were raised) on direct appeal. *See* New York Criminal Procedure Law § 440.10(2)(c).

■ When petitioners fail to "fairly present" their claims to each level of the state courts to which they are entitled to seek relief, but are thereupon foreclosed from doing so by a state procedural rule, the petitioners' claims are deemed exhausted for purposes of federal habeas review. *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 731–32, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Reyes v.*

*Keane,* 118 F.3d 136, 139 (2d Cir.1997); *Bossett v. Walker,* 41 F.3d at 828–29; *Grey v. Hoke,* 933 F.2d at 120–21. However, "[t]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim." *Gray v. Netherland,* 518 U.S. 152, 162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). The petitioner cannot obtain federal habeas review of the merits of the claim "unless the habeas petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." *Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (citations and internal quotation marks omitted); *accord Murray v. Carrier,* 477 U.S. 478, 497–98, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Wainwright v. Sykes,* 433 U.S. 72, 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Bossett v. Walker,* 41 F.3d at 829; *Washington v. James,* 996 F.2d 1442, 1447 (2d Cir.1993).

■ The only cause offered by Alston for his failure to exhaust is the obvious

---

1. The Court is aware of two cases that have held that the mere inclusion of briefs with an application seeking leave to appeal suffices to exhaust the issues raised in the briefs. *See Manning v. Artuz,* 1996 WL 294359, at *4 (E.D.N.Y. May 29, 1996); *Meatley v. Artuz,* 886 F.Supp. 1009, 1014 (E.D.N.Y.1995). In neither of these cases, however was there any statement—as was the case here—that counsel would send an additional letter to the Court. Moreover, as was noted by Judge Mukasey in *Jordan v. Lefevre,* 22 F.Supp.2d 259, 262 (S.D.N.Y.1998), *aff'd in relevant part,* 206 F.3d 196 (2d Cir.2000), "these cases subvert *Grey,* and also rely on a case that antedates and was implicitly overruled by *Grey. See Coleman v. Warden,* 87 Civ. 8762, 1990 WL 130735, at *1 (S.D.N.Y. Sept. 5, 1990)." The Second Circuit affirmed the portion of the district court's opinion that contained

Judge Mukasey's discussion of *Manning* and *Meatley* "substantially for the reasons set out in Judge Mukasey's thorough opinion." 206 F.3d at 199.

Recently, in ruling that a district court's decision on a habeas claim provided an insufficient rationale to provide meaningful appellate review, the Second Circuit suggested that *Meatley* may be correctly decided. *Rudenko v. Costello,* 286 F.3d 51, 76 (2d Cir.2002). This statement, however is dictum and was apparently not the product of any briefing on the merits of whether the rule in *Meatley* is correct. In addition, the statement cannot be squared with the Second Circuit's unequivocal affirmance of the relevant portion of the district court opinion in *Jordan.* Accordingly, this Court does not view the mention of this issue in *Rudenko* as controlling.

one: that his appellate counsel failed to make a proper application for leave to appeal to the Court of Appeals. Alston thus blames his failure to exhaust remedies on the "unreasonable and prejudicial practice of the ... state appointed attorneys who prepare and file leave to appeal applications." He alleges that these "attorneys [ ] do not adhere to the rules and procedures mandated by the [New York Court of Appeals]" and that "[Alston's] counsel [also] circumvent[ed] court rules and procedures" by failing to submit a follow-up letter. *See* Memorandum of Law in Support of Petitioner's Application for a Writ of Habeas Corpus, dated January 4, 2002, at 5, 7, 8.

While the attorney's conduct in this matter certainly constitutes an explanation for Alston's failure to exhaust his State remedies, that does not mean that it constitutes "cause" for purposes of habeas corpus jurisprudence. This is because Alston had no federal constitutional right to counsel for his discretionary appeal to the Court of Appeals (even though a proper motion for leave to appeal is a prerequisite for the exhaustion of State remedies). The argument that an attorney's misconduct in pursuing a nondiscretionary appeal may constitute "cause" excusing a procedural default has been foreclosed by the Supreme Court's decision in *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

In *Coleman*, the defendant had been convicted of rape and murder and was sentenced to death. *Id.* at 727, 111 S.Ct. 2546. Following the affirmance of his conviction on direct appeal, he filed a State habeas corpus petition raising various new federal constitutional claims, which was denied on the merits. *Id.* The defendant then filed a notice of appeal with the intermediate State appellate court that was 3 days late and the state habeas appeal was

therefore dismissed. *Id.* In his federal habeas petition, the defendant attempted to excuse the failure to exhaust his State remedies on the ground that there was "cause" for his default: specifically that the late filing of the notice of appeal was the result of attorney error. *Id.* at 752, 111 S.Ct. 2546. Recognizing that the late filing "was no doubt an inadvertent error" and that the defendant did not "'understandingly and knowingly' forgo the privilege of state collateral appeal," *id.* at 749, *Coleman* nonetheless found that the defendant had not provided "cause" to excuse the failure to exhaust. *Coleman* squarely held that "counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation." *Id.* at 755, 111 S.Ct. 2546. Because there is "no constitutional right to an attorney in state post-conviction proceedings," *Coleman* held that the defendant's attorney could not be "constitutionally" ineffective. *Id.* at 752, 111 S.Ct. 2546. As a result, the claims in the State habeas petition were procedurally barred. *Id.* at 757, 111 S.Ct. 2546.

Here, Alston may well be able to show that his attorney's performance was ineffective. The problem is that, just as in *Coleman*, there is no constitutional right to the effective assistance of counsel with respect to the act that Alston's attorney was called upon to perform: the filing of a discretionary appeal. *See Ross v. Moffitt*, 417 U.S. 600, 610–11, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *accord Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). This case is thus materially indistinguishable from *Coleman* and this Court is constrained to hold that Alston's claims are procedurally barred. The only decision addressing this question of which this Court is aware has come to the same conclusion. *See Veras v. Strack*, 58 F.Supp.2d 201, 206–210 (S.D.N.Y.1999).

In sum, because Alston has not established a permissible "cause" for the failure to exhaust his state court remedies and because nothing in his papers shows a fundamental miscarriage of justice (*i.e.*, actual innocence), his petition is barred from federal review.[2]

### Conclusion

Alston's petition should be dismissed.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report to file any written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Sidney H. Stein, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned at 40 Centre Street, New York, New York 10007. Any requests for an extension of time to file objections must be directed to Judge Stein. The failure to file timely objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

May 21, 2002.

---

**2.** The result would not change even if Alston's petition were construed as including a fifth claim alleging ineffective assistance of counsel with respect to the failure to make a proper leave application before the Court of Appeals. First, such a claim would itself be unexhausted. Second, even if it were considered on the merits it would have to be denied because, as described above, there is no federal constitutional right to counsel for a discretionary appeal. *See Garcia v. Keane*, 973 F.Supp. 364, 371–72 (S.D.N.Y.1997) (no ineffective assistance of appellate counsel claim available for attorney's failure to file proper leave application to Court of Appeals).