People v Walton (2019 NY Slip Op 09212)





People v Walton


2019 NY Slip Op 09212


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1261 KA 15-00359

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL A. WALTON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered February 11, 2015. The judgment convicted defendant upon a jury verdict of murder in the second degree (two counts), criminal possession of a weapon in the second degree (four counts) and prohibited use of weapons. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of murder in the second degree (Penal Law § 125.25 [1]), four counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]), and one count of prohibited use of weapons (§ 265.35 [3]), arising from three separate incidents. We reject the contention of defendant that Supreme Court erred in refusing to sever the counts related to the first incident from the counts related to the third incident. The relevant offenses were joinable under CPL 200.20 (2) (b) and thus, once they were properly joined, the court lacked the statutory authority to sever (see People v Murphy, 28 AD3d 1096, 1097 [4th Dept 2006], lv denied 7 NY3d 760 [2006]; People v Cornell, 17 AD3d 1010, 1011 [4th Dept 2005], lv denied 5 NY3d 805 [2005]; People v Alston, 264 AD2d 685, 686 [1st Dept 1999], lv denied 94 NY2d 876 [2000]).
We further reject defendant's contention that he was deprived of a fair trial when the court admitted allegedly inflammatory photographic and video evidence. Such evidence "should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (People v Pobliner, 32 NY2d 356, 370 [1973], rearg denied 33 NY2d 657 [1973], cert denied 416 US 905 [1974]; see People v Stevens, 76 NY2d 833, 835 [1990]). When allegedly inflammatory photographs and videos are relevant to a material issue at trial, the court has broad discretion to determine whether their probative value outweighs any prejudice to the defendant (see Stevens, 76 NY2d at 835). Here, the disputed evidence was relevant to material issues in the case, and the court did not abuse its discretion in admitting it (see generally People v Webb, 60 AD3d 1291, 1293 [4th Dept 2009], lv denied 12 NY3d 930 [2009]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court