◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GAINES, Appellant.—

The defendant argues that his guilt was not proven beyond a reasonable doubt. We disagree. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant argues further that during the course of the trial, testimony was elicited by the prosecution which he characterizes as prejudicial and which he contends, inter alia, deprived him of his due process right to a fair trial. However, in the majority of the instances alluded to by the defendant, no objection to the introduction of this allegedly prejudicial material was raised by the defense and hence these claims of error are unpreserved for appellate review as a matter of law (see, CPL 470.05 [2]; People v Gonzalez, 55 NY2d 720, 722, cert denied 456 US 1010). On several other occasions, the court

sustained the defendant's objections and rendered curative instructions thereby obviating any possible harmful effect. After these curative instructions were given the defendant failed to make any further objections, request a mistrial, or seek additional instructions. Accordingly, the defendant failed to preserve these claims of error for appellate review and the errors are deemed satisfactorily cured (see, People v Hesterbey, 134 AD2d 615; People v Irby, 112 AD2d 447). Moreover, we decline to reach any of these unpreserved claims of error in the interest of justice.

Arguably preserved is the defendant's claim that the court permitted the introduction of prejudicial and irrelevant testimony regarding the efforts made by the police to locate him, which testimony the defendant contends left the jury with the improper impression that he was attempting to avoid the police. The trial minutes indicate that by the morning after the incident, the defendant knew that he was being sought by the police in connection with the rape. However, he was not located by the police and arrested until approximately three months after the commission of the crime. We find this information both relevant and probative as, inter alia, evidence of flight. Accordingly, we conclude that the court did not err in permitting the introduction of this evidence.

We have examined the contention that the sentence imposed upon the defendant was excessive and find it to be without merit (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Brown, J. P., Rubin, Kooper and Harwood, JJ., concur.