*835 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
After a jury trial the defendant was convicted of felony murder and manslaughter. On appeal the Appellate Division dismissed the manslaughter count but affirmed the felony murder conviction by a divided court. By leave of the dissenter at the Appellate Division the defendant appeals from so much of the order as affirmed the felony murder conviction.
We find no merit to the defendant’s contention that the evidence is legally insufficient to sustain this conviction. On the record the jury could find that the defendant actively participated in a robbery during which his brother killed the victim and that he was therefore guilty of felony murder.
The primary point on which the court below was divided relates to certain photographs of the victim taken before and after his death which the trial court permitted the prosecution to introduce over the defendant’s objection.
Photographs of the victim’s corpse are likely to arouse the passions and resentment of the jury and thus should not be admitted unless they tend to prove or disprove some material fact in issue (People v Pobliner, 32 NY2d 356). When relevance is demonstrated, the question as to whether on balance the jury should be permitted to view such photographs is addressed to the sound discretion of the trial court. The fadt that other evidence may be available on the point is a factor but is not dispositive. The court may find it appropriate to admit the photographs to illustrate, elucidate or corroborate other evidence offered or to be offered at the trial (People v Pobliner, supra).
The same basic principles apply to so-called “portraits” or photographs of the victim taken while he or she was alive (People v Winchell, 98 AD2d 838, ajfd 64 NY2d 826; cf., Smith v Lehigh Val. R. R. Co., 177 NY 379). These portraits may also arouse the jury’s emotions, particularly when they are presented in a before-and-after format, and thus should not be admitted unless relevant to a material fact to be proved at trial. In addition, the relevance of the portraits must be independently established; the fact that photographs of the victim after death have been found to be relevant does not *836 necessarily establish the relevance, and hence admissibility, of portraits of the victim while alive.
 In this case the majority at the Appellate Division found some relevance for the photographs of the deceased taken at the scene of the crime and later at the autopsy. Although they found no justification for introducing the portrait, they concluded that this error was harmless. We agree.
The photographs of the victim’s body showed the nature of the injury and therefore tended to prove that the assailant acted with intent to inflict serious injury, an essential element of the manslaughter count. The People were not bound to rely entirely on the testimony of the medical expert to prove this point and the photographs were admissible to elucidate and corroborate that testimony. The fact that the defendant was charged as an accessory does not make this evidence irrelevant since the prosecutor was obligated to prove that the defendant shared this intent. Although the Appellate Division concluded that the People ultimately failed to prove that the defendant shared the assailant’s intent, the fact remains that it was an element of the offense and that the photos tended to establish it. With respect to this ruling it cannot be sáid that the court abused its discretion as a matter of law.
This is not true with respect to the portrait of the accused which the court also permitted the prosecutor to introduce at trial over the defendant’s objection. The trial court did not explain its ruling and the only argument the People offer is that the portrait was properly admitted "as a fair and accurate representation of what the victim looked like on that fateful night before the murder.” But, in view of the fact that the victim’s appearance prior to the assault was not relevant to any issue at the trial, this argument is merit-less and the court’s decision to admit the portrait was clearly erroneous. However, like the majority at the Appellate Division, we have concluded that this error alone was not so prejudicial as to require a new trial. Considering all the other evidence properly admitted at the trial, the admission of this portrait, although improper, must be deemed harmless.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.