Titone, J.
(dissenting). I cannot agree with my colleagues in the majority that defendant’s constitutional right to a fair trial was not impinged when the prosecution was permitted to deluge the jury with a barrage of 44 horrid and gruesome photographs and slides of the battered and unclothed body of the homicide victim, including a number graphically depicting her in the postmortem examination room prior to her autopsy. The virtual wholesale introduction of this highly inflammatory evidence could only have served, under the circumstances of this case, to have aroused the passions and the resentment of the jury against defendant and to have kept it from fairly and objectively considering the issues before it.
Photographs taken of a homicide 'victim after death, even if relevant to a material issue in the case, are admissible only if, on balance, their probative value can be said to outweigh their prejudicial effect (see, People v Stevens, 76 NY2d 833, 835; see also, People v Bell, 63 NY2d 796, 797; cf, People v Pobliner, 32 NY2d 356, 369-370). While this latter determination is necessarily committed to the sound discretion of the trial court, that discretion must be exercised within certain bounds (see, People v Stevens, supra, at 835). Those bounds, in my view, were clearly transgressed here.
At trial, defendant did not contest having committed the homicide in the manner that the People alleged, but merely contended that he acted under the influence of extreme emotional disturbance and therefore should be found guilty of manslaughter instead of murder. Even assuming that the People’s photographic evidence retained some slight degree of relevance despite this concession, it seems clear to me that, on balance, the trial court should not have admitted the numerous prints and slides into evidence — at least not on a practically wholesale basis (see, Richardson, Evidence § 131, at 104 [Prince 10th ed]). As Justice Brown aptly noted in his dissent below: "[N]o purpose was served by inundating the jury with numerous [photographic exhibits] depicting the same gory scene from different angles and distances, to say nothing of the five autopsy prints” (172 AD2d 707, 713).
Accordingly, I must respectfully dissent.
Chief Judge Wachtler and Judges Simons, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone dissents *962 and votes to reverse in an opinion in which Judge Kaye concurs.
Order affirmed in a memorandum.