■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD L. CHESTNUT, Appellant. [598 NYS2d 733] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered April 24, 1990, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Bracken, J. P., Sullivan, Rosenblatt and Copertino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO DUPREY, Appellant. [597 NYS2d 147] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered November 19, 1991, convicting him of assault in the second degree (four counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant struck a detective and a deputy sheriff in the head with a cast iron frying pan as they attempted to execute a warrant upon another man. The defendant argues that the court erred in admitting into evidence a photograph of the deputy sheriff's head wounds. However, after a brief voir dire, the defendant's counsel had no objection to its admission. Even if the claim were properly preserved for appellate review *(see,* CPL 470.05 [2]), we would find no error in the admission of the photograph, since it showed the nature of the injury and therefore tended to prove that the defendant intended to cause physical injury to the deputy sheriff, which is an essential element of the crime of assault in the second degree *(see,* Penal Law § 120.05 [2]; *People v Stevens,* 76 NY2d 833; *People v Pobliner,* 32 NY2d 356, *cert denied* 416 US 905).

We have examined the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.