■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY HARRISON, Also Known as STONEY HARRISON, Appellant. [615 NYS2d 449] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered July 25, 1990, convicting him of murder in the second degree (four counts), criminal possession of a weapon in the second degree, escape in the first degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the afternoon of November 13, 1989, the defendant shot and killed Detectives Richard Guerzon and Keith Williams as they were transporting him back to Rikers Island from the Queens District Attorney's Office, where he had been brought for plea negotiations. The defendant shot the detectives with a service revolver that he had stolen from another detective's locker in the detectives' squad room in which he was being held while waiting to speak with his attorney. The defendant fled the scene of the crime on foot. He was arrested later that evening at his girlfriend's home.

The defendant contends that the trial court improperly admitted into evidence four photographs taken of Detectives Guerzon and Williams at the crime scene. We disagree.

The general rule as stated in *People v Pobliner* (32 NY2d 356, 369, *cert denied* 416 US 905) is that photographs are admissible if they tend "to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered". They should be excluded only if their sole purpose is to arouse the emotions of the jury and to prejudice the defendant *(see, People v Wood,* 79 NY2d 958; *People v Stevens,* 76 NY2d 833). When inflammatory or gruesome photographs are relevant to a material issue at trial, the court has broad discretion to determine whether the probative value of the photos outweighs any prejudice to the defendant *(see, People v Stevens, supra,* at 833). Inasmuch as the photographs were relevant to material issues in the case, we find no error in their admission. Moreover, contrary to the defendant's contentions, the photographs were not so inflammatory as to deprive him of a fair trial.

The defendant further contends that the court erred in imposing consecutive sentences with respect to his two convic-

tions of intentional murder and one conviction of grand larceny in the fourth degree. Although the defendant's convictions arose out of a single extended transaction, the stealing of a revolver from a detective's locker and the shooting of two detectives while being transported to Rikers Island constituted separate acts. Therefore, consecutive sentences were permissible *(see, People v Braithwaite,* 63 NY2d 839; *People v Ruth,* 194 AD2d 700).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Lawrence, J. P., O'Brien, Copertino and Friedmann, JJ., concur.