■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MONROE, Appellant. [628 NYS2d 398] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered March 18, 1993, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly allowed the arresting police officer to testify that he had a conversation with an unidentified woman to complete the narrative and to explain why the officer targeted the defendant for observation *(see, People v Marte,* 207 AD2d 314; *People v Coleman,* 205 AD2d 795; *People v McDowell,* 191 AD2d 515). Neither the exact words nor the substance of the conversation was admitted into evidence. Thus, the testimony's probative value outweighed any possible prejudice to the defendant *(see, People v Crespo,* 203 AD2d 182), and it was not error to deny the defendant's motion for a mistrial, which was the only remedy that the defendant requested.

The defendant has failed to preserve for appellate review his contention that his conviction of criminal possession of a controlled substance in the fifth degree was not proven by legally sufficient evidence because the People failed to prove the weight of the cocaine in his possession and that he knew it weighed 500 milligrams or more *(see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Logan,* 74 NY2d 859). We decline to reach this issue in the exercise of our interest of justice jurisdiction. Moreover, upon the exercise of our factual review power, we find that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence that was imposed is not excessive *(see, People v Suitte,* 90 AD2d 80). The defendant's challenge to the mandatory surcharge is unpreserved for appellate review *(see, People v Santos,* 176 AD2d 245) and, in any event, premature *(see, People v Burke,* 204 AD2d 345). Pizzuto, J. P., Hart, Friedmann and Florio, JJ., concur.