■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERRY CROSBY, Appellant. [635 NYS2d 485] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Cohen, J.), rendered November 13, 1992, convicting him of criminal possession of a controlled substance in the fifth degree under Indictment No. N13012/91, upon a jury verdict, and imposing sentence, and (2) two amended judgments of the same court, also rendered November 13, 1992, revoking sentences of probation previously imposed by the same court, upon findings that he had violated conditions thereof, upon his admissions, and imposing sentences of imprisonment upon his previous convictions of assault in the second degree under Indictment Nos. 3856/89 and 3945/89.

Ordered that the judgment and amended judgments are affirmed.

The defendant's contentions that the evidence was legally insufficient to establish his knowledge of the weight of the cocaine he possessed and that the court erred in failing to instruct the jury that the People must prove he knew the weight of the cocaine are unpreserved for appellate review *(see, People v Gray,* 86 NY2d 10; *People v Lawrence,* 85 NY2d 1002; *People v Monroe,* 216 AD2d 494). We decline to reach this issue in the exercise of our interest of justice jurisdiction. Further, upon the exercise of our factual review power, we find that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's objections to the prosecutor's summation are, for the most part, unpreserved for appellate review. As to the preserved objections, the comments were proper responses to the defense counsel's summation or were not so prejudicial as to warrant reversal *(see, People v Lamour,* 203 AD2d 388).

Finally, the defendant's sentences are not excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Miller, Altman and Florio, JJ., concur.