■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARIEFF UPSHAW, Appellant. [662 NYS2d 268] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Dounias, J.), rendered January 24, 1995, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review the issue of whether the People disproved his justification defense beyond a reasonable doubt (*see,* CPL 470.05 [2]; *People v By-*

*num,* 70 NY2d 858; *People v Barnett,* 197 AD2d 697; *People v Udzinski,* 146 AD2d 245, 248-252). In any event, the evidence adduced at trial amply supports a finding that the victim was fleeing from the defendant when the victim was assaulted (*see, People v Grisby,* 232 AD2d 579).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The trial court had broad discretion to determine whether the probative value of photographs sought to be admitted into evidence outweighed any possible prejudice to the defendant (*see, People v Stevens,* 76 NY2d 833). Inasmuch as the photographs here were relevant to the defendant's assertion of the defense of justification, we find no error in their admission. Moreover, the photographs were not so inflammatory as to deprive the defendant of a fair trial.

The sentence imposed was neither harsh nor excessive under the circumstances of this case (*see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.