■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD TIMMONS, Appellant. [665 NYS2d 885] —Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered May 25, 1995, convicting defendant, after a jury trial, of three counts each of murder in the second degree (intentional murder), murder in the second degree (felony murder), and attempted murder in the second degree, and sentencing him, as a second felony offender, to three consecutive terms of 25 years to life on the intentional murder convictions, concurrent with three consecutive terms of 25 years to life on the felony murder convictions, to be served consecutively to three consecutive terms of 12½ to 25 years on the attempted murder convictions, unanimously affirmed.

Photographs of two of the homicide victims taken while they were alive were not of a type that could arouse the jurors' passion, as defendant claims on appeal, but clearly were not relevant to any material fact to be proved at trial. In light of the overwhelming evidence against defendant, admission of the photographs was harmless error (*People v Stevens*, 76 NY2d 833, 835-836).

Defendant's challenge to the court's charge is unpreserved and without merit. Concur—Murphy, P. J., Sullivan, Milonas, Mazzarelli and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS CASTRO, Appellant. [665 NYS2d 888] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J., on motion; Allen Alpert, J., at *Parker* hearing; Ira Beal, J., at jury trial and sentence), rendered April 12, 1994, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years, unanimously reversed, on the law, and the matter remanded for a new trial.

As the People correctly concede, defendant was improperly tried in absentia (*see, People v Parker*, 57 NY2d 136, 141). Accordingly, a new trial was required. Summary denial of defendant's motion to suppress the undercover officer's confirmatory identification was proper (*see, People v Wharton*, 74 NY2d 921, 922-923; *People v Morales*, 37 NY2d 262, 271-272). Defendant's court closure claim is rendered academic by the above disposition. Should the People seek a closure order on retrial, a new hearing would be required. Concur—Murphy, P. J., Sullivan, Milonas, Mazzarelli and Andrias, JJ.