■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICK RIZZO, Appellant. [910 NYS2d 743]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered October 28, 2008. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree, burglary in the first degree, grand larceny in the third degree (two counts) and criminal mischief in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, burglary in the first degree (Penal Law § 140.30 [4]) and robbery in the second degree (§ 160.10 [1]). Defendant contends that the conviction is not supported by legally sufficient evidence because the uncorroborated admissions that he allegedly made to an acquaintance constitute the only evidence identifying him as a participant in

the crimes. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Those admissions were sufficiently corroborated by, inter alia, the testimony of the victims and the police officers who responded to the scene of the crimes, inasmuch as they provided the requisite "additional proof that the offense[s] charged [had] been committed" (CPL 60.50; *see People v Chico*, 90 NY2d 585, 589-591 [1997]; *People v Burrs*, 32 AD3d 1299 [2006], *lv denied* 7 NY3d 924 [2006]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Contrary to defendant's further contention, we conclude that County Court properly instructed the jury on accomplice liability inasmuch as "there was a reasonable view of the evidence to support the charge" (*People v Pierre*, 41 AD3d 289, 291 [2007], *lv denied* 9 NY3d 880; *see People v Kendricks*, 23 AD3d 1119 [2005], *lv denied* 6 NY3d 815 [2006]).

Finally, the sentence is not unduly harsh or severe, and we decline defendant's request to exercise our power to reduce the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.