THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD THOMAS, Appellant. [951 NYS2d 581]—

Photographic evidence "should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (*People v Pobliner*, 32 NY2d 356, 370 [1973], *cert denied* 416 US 905 [1974]; *see People v Stevens*, 76 NY2d 833 [1990]; *People v Sampson*, 67 AD3d 1031, 1032 [2009]). When inflammatory photographs are relevant to a material issue at trial, the court has broad discretion to determine whether the probative value of the photographs outweighs any prejudice to the defendant (*see People v Stevens*, 76 NY2d at 833; *People v Upshaw*, 242 AD2d 548, 549 [1997]; *People v Harrison*, 207 AD2d 359 [1994]). The photographs at issue here were relevant to material issues in the case, and the Supreme Court did not improvidently exercise its discretion in admitting them into evidence. Contrary to the defendant's contentions, the photographs, as redacted by the court, were not so inflammatory as to have deprived him of a fair trial.

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to reach them in the exercise of our interest of justice jurisdiction. Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.