■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERWIN THOMPSON, Appellant. [969 NYS2d 168]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered June 22, 2010, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree (two counts), and criminal facilitation in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During pretrial plea negotiations with the People, the defendant made certain inculpatory statements. The defendant and the People executed an agreement, whereby they agreed that the People could introduce those statements against the defendant at a trial, inter alia, "to rebut any evidence" offered by him or on his behalf. At the trial, the Supreme Court found that the defendant had triggered this provision of the agreement and permitted the People to introduce the subject statements.

Statements made during the course of plea negotiations can be used against a defendant only if the People specifically bargained for that use (*see People v Curdgel*, 83 NY2d 862, 864 [1994]; *People v Moore*, 66 NY2d 1028, 1030 [1985]; *People v Evans*, 58 NY2d 14, 24 [1982]; *People v Hunt*, 306 AD2d 497, 499 [2003]). Under the circumstances of this case, the Supreme Court improperly found that the defendant's trial attorney offered evidence and raised factual issues which triggered the agreement (*cf. United States v Barrow*, 400 F3d 109, 116-120

[2d Cir 2005]; *United States v Velez*, 354 F3d 190, 192-193 [2d Cir 2004]). Thus, the Supreme Court should not have permitted the People to introduce the subject statements into evidence. However, the error was harmless, since the evidence of the defendant's guilt, without reference to the error, was overwhelming, and there is no reasonable possibility that the error might have contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

Contrary to the defendant's contention, the Supreme Court properly permitted the People to impeach one of their own witnesses with his grand jury testimony because his testimony during direct examination at trial affirmatively damaged the People's case (*see* CPL 60.35 [1]; *People v Guevara*, 96 AD3d 781, 782 [2012]; *People v Broomfield*, 163 AD2d 403, 403-404 [1990]; *People v Mercado*, 162 AD2d 722, 723 [1990]). Moreover, under the circumstances of this case, considering the damaging nature of the witness's testimony and the prosecutor's good faith basis for believing it to be false, it was not improper to permit the People to question the witness with regard to statements he had made, and actions he had taken, which expressed a reluctance to testify (*see People v De Jesus*, 101 AD2d 111, 115 [1984], *affd* 64 NY2d 1126 [1985]).

The defendant's contention that he was deprived of a fair trial when the Supreme Court admitted into evidence certain allegedly inflammatory photographs is without merit. Photographic evidence "should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (*People v Pobliner*, 32 NY2d 356, 370 [1973], *cert denied* 416 US 905 [1974]; *see People v Stevens*, 76 NY2d 833, 835 [1990]; *People v Thomas*, 99 AD3d 737, 738 [2012]). When inflammatory photographs are relevant to a material issue at trial, the court has broad discretion to determine whether the probative value of the photographs outweighs any prejudice to the defendant (*see People v Stevens*, 76 NY2d at 835; *People v Thomas*, 99 AD3d at 738). Here, the photographs at issue were relevant to material issues in the case, and the Supreme Court did not improvidently exercise its discretion in admitting them into evidence. Contrary to the defendant's contentions, the photographs were not so inflammatory as to have deprived him of a fair trial.

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to reach them in the exercise of our interest of justice jurisdiction. Eng, P.J., Rivera, Lott and Miller, JJ., concur.