■ The People of the State of New York, Respondent, v Jacques Dorcinvil, Appellant. [996 NYS2d 661]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered December 16, 2009, convicting him of murder in the second degree, attempted murder in the second degree, aggravated criminal contempt (two counts), assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On January 14, 2007, the defendant beat his girlfriend (hereinafter the victim) with a metal chair and broom, and kicked her then-12-year-old son, while at the victim's apartment in Brooklyn. The defendant was arrested and an order of protection was issued, prohibiting the defendant from contacting the victim or her son.

On May 4, 2007, while the order of protection was still in effect, the defendant stabbed the victim's son repeatedly in the neck, head, and body with a butcher knife. The defendant also stabbed the victim numerous times in the head, neck, and body with the same knife. The victim died from her injuries. Subsequently, the defendant was apprehended in Florida after he attempted to procure a passport.

During the jury trial, the victim's son, who was then 15 years old, testified regarding the relevant events. At the conclusion of the trial, the defendant was convicted of murder in the second degree, attempted murder in the second degree, two counts of aggravated criminal contempt, assault in the second degree, and assault in the third degree. We conclude that the defendant was not deprived of a fair trial and affirm the judgment of conviction.

The defendant failed to preserve for appellate review his contention that his constitutional right to confront the witnesses against him was violated when Detective Joseph Perry testified for the prosecution that, after he spoke with Detective John Briano, who had arrived earlier at the scene of the stabbing, Detective Perry considered the defendant a suspect (see CPL 470.05 [2]; People v Crawford, 54 AD3d 961, 962 [2008]). In any event, this contention is without merit. Although the jury could have inferred, based on earlier testimony, that Detective Briano told Detective Perry that the victim's then-12-year-old son had identified the defendant as the person who repeatedly stabbed him and the victim, the victim's son testified at trial and was subjected to cross-examination. The defendant's

further contentions that the testimony constituted impermissible hearsay and bolstering of that witness's identification of the defendant are also unpreserved for appellate review (*see People v Clarke*, 65 AD3d 1055, 1056 [2009]; *People v Moore*, 49 AD3d 901, 902 [2008]) and, in any event, without merit. The testimony was properly admitted to complete the narrative and explain the sequence of events leading to the defendant's arrest (*see People v Reynolds*, 46 AD3d 845, 845 [2007]; *People v Monroe*, 216 AD2d 494, 494 [1995]; *see also People v Jaen*, 116 AD3d 975, 976 [2014]; *People v Edwards*, 65 AD3d 1374, 1374 [2009]; *People v Croswell*, 63 AD3d 754, 754 [2009]).

The defendant also failed to preserve for appellate review his contention that Detective Perry's testimony that the police received numerous tips to a hotline was improperly admitted since it constituted impermissible hearsay and violated his right to confrontation (*see People v Bonds*, 118 AD3d 717, 718 [2014]; *People v Marino*, 21 AD3d 430, 431 [2005]). In any event, this contention is without merit, as the testimony was properly admitted to complete the narrative and explain the course of the police investigation (*see People v Monroe*, 216 AD2d at 494). Moreover, since no statements were elicited, the testimony did not violate the defendant's right to confrontation (*cf. People v McEaddy*, 41 AD3d 877, 878-879 [2007]).

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in admitting into evidence a photograph of the victim's bloody body. Photographic evidence "should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (*People v Pobliner*, 32 NY2d 356, 370 [1973]; *see People v Stevens*, 76 NY2d 833, 835 [1990]; *People v Thompson*, 108 AD3d 732, 733 [2013]; *People v Thomas*, 99 AD3d 737, 738 [2012]). Here, the photograph was not offered for the sole purpose of arousing the emotions of the jurors (*see People v Sampson*, 67 AD3d 1031, 1032 [2009]). Moreover, the photograph was not so inflammatory as to have deprived the defendant of a fair trial (*see People v Thompson*, 108 AD3d at 733; *People v Thomas*, 99 AD3d at 738).

The defendant contends that the Supreme Court erred in permitting Detective Perry to testify that he ran "computer checks" on the defendant and learned of "past complaints" and the defendant's "[p]ast arrests" (*see generally People v Alvino*, 71 NY2d 233, 241 [1987]). The defendant also contends that the court erred in denying his application for a missing witness charge with respect to Detective Briano. Any errors in this regard were harmless, as there was overwhelming evidence of

the defendant's guilt and no significant probability that the errors contributed to the defendant's convictions (*see People v Addison*, 107 AD3d 730, 731 [2013]).

The defendant's contention that the prosecutor made improper comments during summation is unpreserved for appellate review, as he failed to object to any of the challenged comments (*see* CPL 470.05 [2]; *People v Alleyne*, 114 AD3d 804, 805 [2014]). In any event, any error in this regard was harmless, as the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the error contributed to the defendant's convictions (*see People v Alleyne*, 114 AD3d at 805; *People v Smith*, 36 AD3d 836, 836-837 [2007]; *People v Rodriguez*, 28 AD3d 496, 496-497 [2006]).

The defendant's contention that the Supreme Court improperly permitted the victim's then-15-year-old son to testify at trial, raised in point I of his pro se supplemental brief, is without merit. His further contention, raised in point I of his pro se supplemental brief, that the court erred in denying his request for that witness's psychological records, is not properly before this Court as it is based on matter dehors the record on appeal (*see People v Boley*, 116 AD3d 965, 965 [2014]).

The defendant's contentions, raised in point II of his pro se supplemental brief, that the Supreme Court improperly admitted a video showing the victim and improperly admitted a photograph of the victim while still alive are unpreserved for appellate review and, in any event, without merit. The defendant's contention, raised in point II of his pro se supplemental brief, that the court improperly admitted two arrest photographs of him is without merit.

The defendant's contention, raised in point III of his pro se supplemental brief, that the Supreme Court erred in denying his motion to sever the trial on the ground that the incidents underlying the indictment which occurred on January 14, 2007, and on May 4, 2007, constituted separate criminal transactions is without merit (*see People v Thompson*, 119 AD3d 966 [2014]; *People v Dayton*, 66 AD3d 797, 797 [2009]).

The defendant's contention, raised in point IV of his pro se supplemental brief, that the Supreme Court erred in permitting the People to elicit certain testimony that violated the court's suppression ruling and constituted impermissible hearsay and bolstering is unpreserved for appellate review and, in any event, without merit.

The defendant's contention, raised in his main brief and in point v of his pro se supplemental brief, that he was deprived of the constitutional right to the effective assistance of counsel is

based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (*see People v Addison*, 107 AD3d 730, 732 [2013]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see id.* at 732).

The defendant's contention that he was deprived of a fair trial by the cumulative effect of the alleged errors is without merit. Dickerson, J.P., Leventhal, Sgroi and LaSalle, JJ., concur.
**[Prior Case History: 25 Misc 3d 1215(A), 2009 NY Slip Op 52105(U).]**