THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOVE TEXIDOR, Appellant. [996 NYS2d 715]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered April 19, 2012, convicting her of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court erred in denying that branch of her omnibus motion which was to suppress a photograph found on her cell phone. This contention is without merit, as the evidence presented at the suppression hearing supports the court's conclusion that the defendant voluntarily consented to a search of her cell phone (*see People v Gonzalez*, 39 NY2d 122, 128 [1976]; *People v Dail*, 69 AD3d 873, 874 [2010]; *People v Visich*, 57 AD3d 804, 806 [2008]; *People v Quagliata*, 53 AD3d 670, 672 [2008]; *People v Edwards*, 46 AD3d 698, 699 [2007]).

Alternatively, the defendant contends that she was deprived of a fair trial when the Supreme Court admitted into evidence a photograph found on her cell phone. Initially, this claim is unpreserved for appellate review, as the defendant raised no objection at trial to the introduction of this allegedly prejudicial photograph (*see* CPL 470.05 [2]; *People v Donovan*, 59 NY2d 834, 836 [1983]; *People v Gaines*, 158 AD2d 540, 540 [1990]). In any event, the claim is without merit. Photographic evidence "should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (*People v Pobliner*, 32 NY2d 356, 370 [1973]; *see People v Thomas*, 99 AD3d 737, 738 [2012]; *People v Sampson*, 67 AD3d 1031, 1032 [2009]). When an inflammatory photograph is relevant to a material issue at trial, the court has broad discretion to determine whether the probative value of the photograph outweighs any prejudice to the defendant (*see People v Stevens*, 76 NY2d 833, 835-836 [1990]; *People v Thomas*, 99 AD3d at 738). Here, the

photograph at issue was relevant to material issues in the case, and the Supreme Court did not improvidently exercise its discretion in admitting it into evidence. Contrary to the defendant's contentions, the photograph was not so inflammatory as to deprive her of a fair trial.

The defendant's contention that the Supreme Court considered improper factors in imposing sentence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Garson*, 69 AD3d 650, 652 [2010]). While the court accepted a victim impact statement from the alleged victim of a crime of which the defendant was acquitted, under the circumstances of this case, reversal is not required. There is no indication that the court was unduly influenced by that statement (*see People v Knapp*, 213 AD2d 740, 741-742 [1995]; *People v Jones*, 195 AD2d 482, 483 [1993]). Finally, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Skelos, Dickerson and Barros, JJ., concur.