■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
CHARLES MCDOWELL, Appellant. [5 NYS3d 36]—Judgment,
Supreme Court, Bronx County (Martin Marcus, J.), rendered
March 12, 2012, convicting defendant, after a jury trial, of
murder in the second degree and robbery in the first degree,
and sentencing him, as a second felony offender, to an aggre-
gate term of 40 years to life, unanimously affirmed.

The court properly exercised its discretion in permitting the
prosecutor to elicit limited, innocuous background information
about the murder victim. This evidence was not unduly preju-
dicial, and any error in this regard was harmless (*see People v
Stevens*, 76 NY2d 833, 835-836 [1990]). There was overwhelm-
ing evidence of defendant's guilt of both felony murder and a
separate, subsequent robbery.

Defendant did not preserve his claim that the prosecutor
exceeded the scope of the court's ruling on background evi-
dence, his arguments on other evidentiary issues, or his chal-
lenges to the prosecutor's opening statement and summation
(*see People v Romero*, 7 NY3d 911 [2006]), and he expressly
waived any objection to the court's supplemental jury instruc-
tions. We decline to review them in the interest of justice. As
an alternative holding, we find no basis for reversal. Any error
was harmless in light of the overwhelming evidence (*see People
v Crimmins*, 36 NY2d 230 [1975]).

Defendant's ineffective assistance of counsel claims are
unreviewable on direct appeal because they involve matters
not reflected in, or fully explained by, the record, including
matters of strategy (*see People v Rivera*, 71 NY2d 705, 709
[1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since
defendant has not made a CPL 440.10 motion, the merits of
the ineffectiveness claims may not be addressed on appeal. In
the alternative, to the extent the existing record permits
review, we find that defendant received effective assistance
under the state and federal standards (*see People v Benevento*,
91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466
US 668 [1984]). Defendant has not shown that any of counsel's
alleged deficiencies fell below an objective standard of reason-
ableness, or that, viewed individually or collectively, they
deprived defendant of a fair trial or affected the outcome of the
case.

We perceive no basis for reducing the sentence. Concur—

Gonzalez, P.J., Mazzarelli, Acosta, Moskowitz and DeGrasse, JJ.