THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANATOLY VALENKO, Appellant. [6 NYS3d 142]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joel Goldberg, J.), rendered December 13, 2011, convicting him of murder in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the trial court improperly discharged potential jurors based upon hardship without conducting a sufficient inquiry is unpreserved for appellate review (*see People v Cunningham*, 119 AD3d 601, 601 [2014]; *People v King*, 110 AD3d 1005, 1006 [2013]; *People v Casanova*, 62 AD3d 88 [2009]). In any event, the defendant's contention is without merit (*see People v King*, 110 AD3d at 1006; *People v Umana*, 76 AD3d 1111, 1112 [2010]; *People v Boozer*, 298 AD2d 261 [2002]).

While the People's case was based entirely on circumstantial evidence, viewing the evidence in the light most favorable to the prosecution, and giving it the benefit of every reasonable inference to be drawn therefrom (*see People v Lewis*, 64 NY2d 1111, 1112 [1985]; *People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Cartwright*, 61 AD3d 695, 695 [2009]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The trial court properly instructed the jury on accomplice liability inasmuch as " 'there was a reasonable view of the evidence to support the charge' " (*People v Rizzo*, 78 AD3d 1641, 1642 [2010], quoting *People v Pierre*, 41 AD3d 289, 291 [2007]).

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in admitting into evidence certain photographs depicting the victims. "Photographic

evidence 'should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant' " (*People v Dorcinvil*, 122 AD3d 874, 876 [2014], quoting *People v Pobliner*, 32 NY2d 356, 370 [1973]; *see People v Stevens*, 76 NY2d 833, 835 [1990]; *People v Thompson*, 108 AD3d 732, 733 [2013]; *People v Thomas*, 99 AD3d 737, 738 [2012]). Here, the photographs were not offered for the sole purpose of arousing the emotions of the jurors (*see People v Dorcinvil*, 122 AD3d at 876; *People v Sampson*, 67 AD3d 1031, 1032 [2009]). Moreover, the photographs were not so inflammatory as to have deprived the defendant of a fair trial (*see People v Dorcinvil*, 122 AD3d at 876; *People v Thompson*, 108 AD3d at 733; *People v Thomas*, 99 AD3d at 738).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Dickerson, Chambers and Roman, JJ., concur.