■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODOLFO HERNANDEZ, Appellant. [6 NYS3d 634]—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered May 1, 2009, convicting him of sexual abuse in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2

NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the child's out-of-court-communications, as testified to by her parents, were not erroneously admitted into evidence under the excited utterance exception to the hearsay rule. The surrounding circumstances reasonably justify the conclusion that the child's communications were not made under the impetus of studied reflection (*see People v Edwards*, 47 NY2d 493, 497 [1979]; *People v Whitlock*, 95 AD3d 909, 910 [2012]; *People v Clemente*, 84 AD3d 829, 830 [2011]). Further, because the communications were nontestimonial in nature, the admission of this evidence did not violate the defendant's right to confront a witness against him (*see People v Clemente*, 84 AD3d at 830; *People v Legere*, 81 AD3d 746, 750 [2011]; *People v Melendez*, 71 AD3d 1166, 1167 [2010]).

The defendant's challenge to certain testimony of the People's medical expert is unpreserved for appellate review (*see People v Arroyo*, 59 AD3d 634, 634 [2009]; *People v Clas*, 54 AD3d 770, 770 [2008]), and, in any event, is without merit (*see generally People v Rivers*, 18 NY3d 222, 228 [2011]).

Viewed in their totality, the circumstances reveal that the defendant was not deprived of the effective assistance of counsel (*see Strickland v Washington*, 466 US 668 [1984]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's remaining contention is without merit. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.