■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULE FRAZIER, Appellant. [7 NYS3d 523]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered July 14, 2010, convicting him of assault in the second degree (four counts), upon his plea of guilty, and criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to establish his prima facie entitlement to a missing witness charge, as there was no evidence that the uncalled witness had knowledge of a material issue or would provide noncumulative testimony (*see People v Keen*, 94 NY2d 533, 539 [2000]; *People v Gonzalez*, 68 NY2d 424, 427 [1986]; *People v Whitlock*, 95 AD3d 909, 911 [2012]; *People v Rodriguez*, 77 AD3d 975, 976 [2010]).

Contrary to the defendant's contention, certain photographs posted by the defendant on his MySpace page on the Internet were properly admitted at trial, as they tended to prove material issues, and to illustrate or elucidate other relevant evidence (*see People v Wood*, 79 NY2d 958, 960 [1992]; *People v Pobliner*, 32 NY2d 356, 359 [1973]; *People v Texidor*, 123 AD3d 746 [2014]; *People v Thomas*, 99 AD3d 737, 738 [2012]). The trial court providently exercised its discretion in determining that the probative value of the photographs outweighed any prejudice to the defendant (*see People v Wood*, 79 NY2d at 960-961; *People v Texidor*, 123 AD3d 746, 746 [2014]; *People v Thomas*, 99 AD3d at 738).

The defendant's contention that the admission of testimony about an eyewitness's prior identification of him improperly bolstered that eyewitness's identification of him at trial is unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to reach that contention in the exercise of our interest of justice jurisdiction.

The condition of the plea that the defendant be truthful in responding to the inquiries of the probation department was explicit and objective, and was acknowledged, understood, and accepted by the defendant as part of the plea agreement (*see People v Hicks*, 98 NY2d 185, 188-189 [2002]; *People v Bragg*, 96 AD3d 1071 [2012]; *People v Butler*, 49 AD3d 894, 895 [2008]). The defendant's violation of that condition allowed the sentencing court to impose the enhanced sentence (*see People v Butler*, 49 AD3d at 895). Moreover, as the defendant was aware that he faced an enhanced sentence if he failed to comply with the plea agreement, the enhanced sentence was appropriate (*see People v Grant*, 122 AD3d 767 [2014]; *People v White*, 3 AD3d 543, 544 [2004]; *People v Delatorre*, 306 AD2d 419, 420 [2003]; *People v Walters*, 273 AD2d 418 [2000]). To the extent that the defendant argues that the sentence imposed is excessive, a general waiver of the right to appeal, which is knowing, voluntary, and intelligent, encompasses the claim that the term of imprisonment imposed under an enhanced sentence is harsh and excessive where, as here, the defendant was informed that a maximum sentence could be imposed if he failed to comply with the conditions of the plea agreement (*see People v White*, 3 AD3d 543, 544 [2004]; *People v Ortiz*, 295 AD2d 449 [2002]; *People v Miles*, 268 AD2d 489 [2000]). Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.