■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN HIBBERT, Also Known as SP, Appellant. [22 NYS3d 115]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered June 26, 2014, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the County Court erroneously admitted into evidence hearsay statements made by the victim before his death implicating the defendant in the shooting is without merit. The County Court properly admitted under the excited utterance exception to the hearsay rule the statements of the victim that were made within minutes of the shooting while he was being transported to the hospital (*see People v Cantave*, 21 NY3d 374, 381 [2013]; *People v Johnson*, 1 NY3d 302, 305-306 [2003]; *People v Dawson*, 130 AD3d 750 [2015]). The court also properly admitted under the excited utterance exception to the hearsay rule the statements made by the victim to hospital personnel, notwithstanding that the statements were made approximately 30 minutes after the incident (*see People v Brown*, 70 NY2d 513, 513 [1987]). There was nothing in the record suggesting that the victim, 30 minutes after the incident, was any less under the influence of the stress and excitement of being shot twice than he was immediately after the shooting (*see id.* at 520). To the contrary, the surrounding circumstances reasonably justify the conclusion that the victim's statements were not made under the impetus of studied reflection (*see generally People v Hernandez*, 127 AD3d 991, 992 [2015], *lv granted* 26 NY3d 930 [2015]).

The defendant contends that it was reversible error to permit the prosecutor to show various witnesses a photograph of the victim while he was alive because his identity was never at issue. This contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Texidor*, 123 AD3d 746 [2014]), and we decline to review the issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]). Rivera, J.P., Chambers, Sgroi and LaSalle, JJ., concur.