THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONELL JONES, Appellant. [37 NYS3d 278]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Warhit, J.), rendered October 21, 2014, convicting him of murder in the second degree (six counts) and attempted murder in the second degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree (six counts) (*see* Penal Law § 125.25 [1], [3]) and attempted murder in the second degree (four counts) (*see* Penal Law §§ 110.00, 125.25 [1]), based upon an acting-in-concert theory (*see* Penal Law § 20.00), beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the County Court did not improvidently exercise its discretion in admitting into evidence certain photographs depicting the victims' bodies and the crime scene. "Photographic evidence 'should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant' " (*People v Thompson*, 108 AD3d 732, 733 [2013], quoting *People v Pobliner*, 32 NY2d 356, 370 [1973]; *see People v Valenko*, 126 AD3d 1020, 1020-1021 [2015]). Here, the photographs were not offered for the sole purpose of

arousing the emotions of the jurors (*see People v Stevens*, 76 NY2d 833, 835-836 [1990]; *People v Valenko*, 126 AD3d at 1021; *People v Roque*, 11 AD3d 488 [2004]; *People v Collic*, 285 AD2d 514 [2001]). Rather, the photographs were admitted to illustrate and corroborate witness testimony (*see People v Roque*, 11 AD3d at 489; *People v Dellemand*, 205 AD2d 551, 552 [1994]). Moreover, the photographs were not so inflammatory as to have deprived the defendant of a fair trial (*see People v Valenko*, 126 AD3d at 1021; *People v Dorcinvil*, 122 AD3d 874, 876 [2014]; *People v Thompson*, 108 AD3d at 733).

The imposition of consecutive terms of imprisonment for each of the counts of intentional murder and each of the counts of attempted murder was not illegal (*see* Penal Law § 70.25 [2]). Each of the intentional murders and each of the attempted murders committed by the defendant and his accomplices "was a separate and distinct act committed against a separate victim" (*People v Jingzhi Li*, 104 AD3d 704, 705 [2013]; *see People v McKnight*, 16 NY3d 43, 48-49 [2010]; *People v Vasser*, 97 AD3d 767, 768 [2012]; *People v Holmes*, 92 AD3d 957, 957 [2012]).

The sentence imposed was not excessive (*see People v Sanchez*, 124 AD3d 685, 689 [2015]; *People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Leventhal, Hinds-Radix and Brathwaite Nelson, JJ., concur.