People v Smith (2018 NY Slip Op 05498)





People v Smith


2018 NY Slip Op 05498


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2014-08186
 (Ind. No. 288/12)

[*1]The People of the State of New York, respondent,
v
Tyrell Smith, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Anne Grady of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Robert J. Collini, J.), rendered April 25, 2014, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him, as a persistent violent felony offender, to consecutive indeterminate terms of imprisonment of 25 years to life on each conviction.
ORDERED that the judgment is modified, on the law, by providing that the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
Contrary to the defendant's contention, trial counsel was not ineffective because he failed to controvert a warrant to search the defendant's cell phone. Taking into consideration the totality of the evidence, the law, and the circumstances of the case, it is evident that trial counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 714; People v Toellner, 299 AD2d 567, 567-568). Counsel's failure to the challenge the search warrant can be explained as a legitimate trial strategy because the application for the warrant was supported by probable cause, and the warrant was not unconstitutionally overbroad, despite a technical defect on the face of the warrant (see Groh v Ramirez, 540 US 551, 558).
The defendant's contention that he was deprived of a fair trial when the Supreme Court admitted into evidence allegedly prejudicial photographs is unpreserved for appellate review (see CPL 470.05[2]). In any event, the defendant's contention is without merit. "Photographic evidence should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (People v Mairs, 157 AD3d 818, 819 [internal quotation marks omitted]; see People v Pobliner, 32 NY2d 356; People v Hunter, 131 AD2d 877, 878). Such evidence is properly admissible "if [it] tend[s] to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered" (People v Pobliner, 32 NY2d at 369; see People v Sims, 110 AD2d 214, 222). "When inflammatory photographs are relevant to a material issue at trial, the court has broad discretion to determine whether the probative value of the photographs outweighs any prejudice to the defendant" (People v Thompson, 108 AD3d 732, 733; see People v Stevens, 76 NY2d 833, 835; People v Mairs, 157 AD3d at 819). Here, the photographs at issue were relevant to material issues in the case, and [*2]the court did not improvidently exercise its discretion in admitting them into evidence, as they were not so inflammatory as to deprive the defendant of a fair trial.
However, the sentence imposed on the defendant's conviction of criminal possession of a weapon in the second degree under Penal Law § 265.03(1)(b), for possessing a loaded firearm with intent to use it unlawfully against another, must run concurrently with the sentence imposed on his conviction of murder in the second degree. The People did not prove that the defendant had any unlawful intent that was separate from his intent to shoot the victim (see People v Wright, 19 NY3d 359). Accordingly, the Supreme Court should not have imposed consecutive sentences.
The sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., SGROI, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court