People v Lynch (2018 NY Slip Op 08035)





People v Lynch


2018 NY Slip Op 08035


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2013-05910
 (Ind. No. 303/11)

[*1]The People of the State of New York, respondent,
v
David Lynch, appellant.


Paul Skip Laisure, New York, NY (Denise A. Corsí of counsel), for appellant, and appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Anastasia Spanakos, Kayonia Whetstone, Merri Turk Lasky, and Kathryn Mullen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth Holder, J.), rendered May 29, 2013, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant's intent can be inferred from his conduct and the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301; People v Heron, 130 AD3d 754, 754; People v Edwards, 120 AD3d 1435, 1435; People v Bryant, 39 AD3d 768, 769). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v
Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the Supreme Court's denial of the defendant's request to charge the jury with respect to the defense of justification under the emergency doctrine. Viewing the evidence in the light most favorable to the defendant, there was no reasonable view of the evidence supporting the elements of a justification defense (see Penal Law § 35.05[2]; People v Rodriguez, 16 NY3d 341, 345; People v Craig, 78 NY2d 616, 623; People v Watts, 57 NY2d 299, 301).
The defendant contends that he was deprived of his right to a fair trial by the improper admission into evidence of excerpts of a recorded telephone call he made during his detention at [*2]Rikers Island Correctional Facility, the improper admission of a photograph of the victim while she was still alive, and certain remarks made by the prosecutor during summation. The Supreme Court providently exercised its discretion in admitting the recording of the telephone call, as the contents of the call were relevant to demonstrate the defendant's motive to kill the victim (see People v Moore, 42 NY2d 421, 428-429; People v Boyd, 159 AD3d 1358, 1362). The defendant's contention that the admission of a photograph of the victim taken while she was still alive was improper is unpreserved for appellate review (see CPL 470.05[2]; People v Hibbert, 134 AD3d 957, 958; People v Texidor, 123 AD3d 746). In any event, the contention is without merit, as the photograph was relevant to show the nature and extent of the victim's injuries and the defendant's intent to cause her death (see People v Stevens, 76 NY2d 833; People v Texidor, 123 AD3d 746; People v Thomas, 99 AD3d 737, 738). The defendant's contention that certain remarks made by the prosecutor during summation were improper is, for the most part, unpreserved for appellate review (see People v Romero, 7 NY3d 911, 912; People v LaValle, 3 NY3d 88, 116; People v Tonge, 93 NY2d 838, 839-840). In any event, the majority of the remarks were either fair comment upon the evidence or a fair response to defense counsel's summation (see People v Ashwal, 39 NY2d 105, 109). To the extent that the remarks that the defendant was a "trained combat veteran" and "trained warrior" were improper, these isolated errors were not so prejudicial as to deprive the defendant of a fair trial (see People v Galloway, 54 NY2d 396).
The defendant's contention, raised in his pro se supplemental brief, that he was deprived of a fair trial and due process by the People's failure to produce at trial the Army ring that he was wearing at the time of his arrest is unpreserved for appellate review (see People v De Tore, 34 NY2d 199, 207; People v Taylor, 172 AD2d 784, 785). In any event, the defendant's contention is without merit. "Where a defendant claims that the loss of evidence deprived him of a fair trial, the court must consider a number of factors including the proof available at trial, the significance of the missing evidence, and whether the loss was intentional or inadvertent" (People v Rice, 39 AD3d 567, 568-569, citing People v Haupt, 71 NY2d 929, 931; see People v Castro, 149 AD3d 862, 864; People v Seignious, 114 AD3d 883, 884). "The court's determination of an appropriate sanction must be based primarily on the need to eliminate prejudice to the defendant" (People v Rice, 39 AD3d at 568-569).
Here, the People were unable to produce certain evidence, including the defendant's ring, which had been stored in a warehouse, due to damage to the building caused by Hurricane Sandy. The unavailable ring had already been tested for DNA. Moreover, the crime at issue here occurred in November 2010, and Hurricane Sandy did not occur until October 2012, almost two years later, and there is no indication that the defendant requested either access to that evidence or any further testing of it during that lengthy interval. Most significantly, there was no indication of any bad faith on the part of the prosecution. Furthermore, the defendant admitted to law enforcement authorities that he was wearing the ring when he struck the victim.
Contrary to the defendant's further contention, the Supreme Court providently exercised its discretion in denying his motion to preclude the People from introducing a photograph of the ring. The defendant has failed to demonstrate that he suffered prejudice as a result of the People's inability to produce the ring or the admission of the photograph of the ring at trial. Despite the unavailability of the physical evidence, defense counsel had ample opportunity to cross-examine the People's witnesses regarding the missing evidence and the photograph, challenge the chain of custody, and raise any applicable arguments during summation (see People v Castro, 149 AD3d at 864; People v Hester, 122 AD3d 880, 880).
The defendant's contention, raised in his pro se supplemental brief, that he was denied due process at sentencing because the Supreme Court relied on purportedly inaccurate information in the presentence report is unpreserved for appellate review inasmuch as he did not raise this issue at the sentencing hearing (see CPL 470.05[2]; People v Ruz, 70 NY2d 942, 943; People v Keiser, 100 AD3d 927, 929; People v Skinner, 261 AD2d 490; People v Karlas, 208 AD2d 767). In any event, the contention is without merit (see People v McManus, 150 AD3d 762, 764; People v Gibbons, 101 AD3d 1615, 1616; People v Dimmick, 53 AD3d 1113, 1113; People v Henderson, 305 [*3]AD2d 940, 942; People v Anderson, 184 AD2d 922, 923).
The defendant was not deprived of the effective assistance of counsel at trial or at sentencing. The record as a whole demonstrates that counsel provided the defendant with meaningful representation (see generally People v Baldi, 54 NY2d 137, 147).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention, raised in his pro se supplemental brief, is without merit.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court